**Alfonso RIVERS, Appellant,**

v.

**Marilyn A. VISKOZKI, Appellee.**

**No. 11–97–309–CV.**

Court of Appeals of Texas, Eastland.

March 26, 1998.

Dennis Conder, Scott Sherwood Crocker, Elizabeth Reding, Sean Fitzgerald, Calhoun & Stacy, Dallas, for appellant.

Roger Williams, Wilson, Williams, Molberg & Mitchell, Dallas, for appellee.

Before DICKENSON and WRIGHT, JJ., and McCLOUD, Senior Justice.*

## OPINION

Austin McCLOUD, Senior Justice (Retired).

This is an appeal by writ of error from a default judgment. The issue is the validity of substituted service under TEX.R.CIV.P. 106(b).[1] Plaintiff, Marilyn A. Viskozki, sued defendant, Alfonso Rivers, alleging that defendant negligently caused an automobile collision resulting in injuries and damages to plaintiff. Defendant was served by substituted service. Defendant failed to timely file an answer; and the trial court, on February 20, 1997, entered a default judgment in favor of plaintiff against defendant. Defendant appeals. We reverse and remand the cause to the trial court.

Plaintiff's original petition was filed on September 19, 1996. Citation was issued on September 24, 1996. Plaintiff filed a motion requesting substituted service on November 20, 1996. In the motion, plaintiff requested that the constable be permitted to attach the citation to the door at the address listed in the petition. The petition listed defendant's address as "826 Hartford, Lancaster, Texas." Attached to the motion was an affidavit signed by a deputy constable who stated that he had been unable to obtain personal service of process on defendant and requested that he be permitted to serve defendant under "the provisions of RULE 106." The constable stated in the affidavit that he believed that defendant would be given effective notice by attaching a copy of the citation and petition to the "door" at 826 Hartford, Lancaster, Texas, which was defendant's "usual place of abode."

The trial court signed an order on November 21, 1996, in response to plaintiff's motion for service pursuant to Rule 106(b). The order provides:

ORDERED that service upon Defendant, Alfonso Rivers, be effected by delivering a copy of the citation, along with a copy of the petition attached, to anyone over sixteen (16) years of age at the Defendant's usual place of abode *or in any other manner which will be reasonably effective to give Defendant notice of the impending suit. Said Defendant resides at 826 Hartford, Lancaster, TX 75134.* (Emphasis added)

The return of service executed by a deputy constable states that citation was executed on

---

\* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Rule 106(b) provides:

    (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

    (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

    (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

December 16, 1996, at "826 Hartford" in Dallas County by delivering a copy of the citation and pleading to defendant, "attach to front door 742." No city was named in the return.

The post-judgment record shows that defendant's wife lived at 826 Hartford Street in Lancaster, Texas, on December 16, 1996, but that defendant and his wife had been separated for more than a year. Defendant had been told by the Lancaster Police Department to stay away from the residence. Defendant testified that he had not resided at 826 Hartford Street in Lancaster or spoken to his wife in "[a]bout a year and a half."

■ Defendant urges in his first point of error that the trial court's order violated Rule 106(b) because the court improperly shifted, from the trial court to the constable, the determination of what type of substituted service would give reasonably effective notice of the suit. We agree.

■ To uphold a default judgment directly attacked by writ of error, it is essential that the record show strict compliance with Rule 106(b). *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151 (Tex.1994); *Wilson v. Dunn*, 800 S.W.2d 833 (Tex.1990). The rule permits the "court" to authorize service:

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Here, contrary to the obvious intent of the rule, the order signed by the court did not direct the constable to serve the defendant in a specific manner. The order authorized the constable to determine what manner of service would be reasonably effective to give defendant notice of the suit. We think that it is clear that Rule 106(b) requires that the court entering the order determine and direct in the order the manner of service that the court determines would be reasonably effective to give the defendant proper notice of the suit. This important function is not to be left to the discretion of the process server. It is implicit from the language in *State Farm Fire and Casualty Company v. Cost-*

*ley,* 868 S.W.2d 298 (Tex.1993), that it is the responsibility of the court to determine and direct the manner of substituted service. The court stated:

Upon receipt of an affidavit satisfying Rule 106(b), the trial court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably calculated to provide notice.

Justice Pope, speaking for the court in *Broussard v. Davila,* 352 S.W.2d 753 (Tex. Civ.App.—San Antonio 1961, no writ), described the role of the trial court:

Rule 106, T.R.C.P., empowers a judge to authorize service by methods other than personal service. The judge is the one who prescribes the manner of such service. Except upon the terms and conditions stated by the judge in his order, there is no authority for substitute service. If the manner prescribed is not followed, then service is accomplished in a manner not authorized by the judge, but by someone else.

We also note that the order of the trial court in this case renders TEX.R.CIV.P. 107 meaningless.[2] Because the trial court failed to specifically order the constable to effect substituted service in a specific manner, it could not be determined from the return of service whether the court's order for substituted service has been "precisely" complied with. *State Farm Fire and Casualty Company v. Costley,* supra at 299. As the court stated in *Primate Construction, Inc. v. Silver,* supra at 152, "The return of service is not a trivial, formulaic document."

The face of the record shows that the defendant was not properly served. It is unnecessary for us to discuss defendant's other complaints regarding improper service under Rule 106(b).

■ Plaintiff argues that defendant waived his complaints as to improper service because defendant filed an answer and a motion for new trial after default judgment

---

**2.** Rule 107 provides in part: "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court."

was entered.[3] We disagree. Defendant did not participate in the trial before the default judgment was entered against him. We think the court in *South Mill Mushrooms Sales v. Weenick,* 851 S.W.2d 346 (Tex. App.—Dallas 1993, writ den'd), followed the proper rule:

> We consider the controlling requirement that a party not participate in the trial is intended to eliminate the right of review by writ of error for those who take part in a hearing that leads to the final judgment. The rule is not intended to cut off the right of those who discover that a judgment has been rendered against them and participate only to the extent of pursuing a motion for new trial. *Lawyers Lloyds,* 137 Tex. at 110–11, 152 S.W.2d at 1097–98. Nothing in rule 45(b) precludes review by writ of error because an appellant could have pursued a normal appeal.

See *American Universal Insurance Co. v. D.B. & B., Inc.,* 725 S.W.2d 764 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Copystatics, Inc. v. Bourn,* 694 S.W.2d 613, 615 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.); *Smith v. Amarillo Hospital District,* 672 S.W.2d 615, 617 (Tex.App.—Amarillo 1984, no writ); *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Dan Edge Motors, Inc. v. Scott,* 657 S.W.2d 822 (Tex.App.—Texarkana 1983, no writ); *H.L. McRae Company v. Hooker Construction Company,* 579 S.W.2d 62, 65 (Tex.Civ.App.—Austin 1979, no writ); *Fleming v. Hernden,* 564 S.W.2d 157, 159 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.).

The record shows a failure to strictly comply with Rule 106(b). This complaint was not waived. It is unnecessary to discuss plaintiff's other points. We reverse the default judgment and remand the cause to the trial court.