TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00318-CV






Roberta J. Crawford, Appellant



v.



State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 99-06455, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






 Appellant Roberta J. Crawford brings a restricted appeal from a default judgment
rendered against her in an estate tax case. We will affirm in part the district-court judgment, and
reverse and remand in part.


Factual and Procedural Background



 In June 1999, plaintiff State of Texas sued Crawford individually and as executrix
of the estate of Ruppert Craze, (1) for inheritance taxes, penalties, interest and attorney's fees. 
Crawford was served by substituted service and failed to answer. On August 26, 1999, the court
signed a default judgment against Crawford. Crawford brings two issues on appeal, asserting that
the district court never acquired personal jurisdiction over her and that the judgment incorrectly
assessed damages and attorney's fees against her.


Personal Jurisdiction



 In her first issue, Crawford asserts that the district court never acquired personal
jurisdiction to render a judgment against her because the manner of service was defective and
because the order authorizing substituted service was improper.


Defective Service


 A default judgment cannot withstand direct attack by a defendant who shows that 
service did not strictly comply with applicable requirements. Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex. 1990). In contrast to the usual rule that all presumptions--including valid issuance, service
and return of citation--will be made in support of a judgment, no such presumptions apply to a 
direct attack on a default judgment. Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d
884, 885 (Tex. 1985). Strict compliance with the rules governing service of process must be
affirmatively shown. Id.

 Crawford claims that service was defective because the constable performing service
knew that she was not living at the service address but nevertheless accomplished service by 
attaching a copy of the citation and petition to her door. Service on Crawford was accomplished in
accordance with the rule governing substituted service:


 Upon motion supported by affidavit stating the location of the defendant's usual
place of business or usual place of abode or other place where the defendant can
probably be found and stating specifically the facts showing that service has been
attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has
not been successful, the court may authorize service

 


 by leaving a true copy of the citation, with a copy of the petition attached, with
anyone over sixteen years of age at the location specified in such affidavit, or

 in any other manner that the affidavit or other evidence before the court shows
will be reasonably effective to give the defendant notice of the suit.




Tex. R. Civ. P. 106(b).


 The constable's affidavit in support of the motion for substituted service details six
service attempts at various times of day. He states that after five visits, he received a telephone call
from Crawford stating that she was living in a hotel in Houston while her house in Houston was
being renovated and that her daughter-in-law was currently living at the address in Denton County. 
The constable's affidavit states that Crawford refused to give her address in Houston and stated that
she would not be back for three months. In her brief, Crawford asserts that she told the constable
that she was no longer at the Denton County address, but she does not dispute the statement in the
constable's affidavit concerning her refusal to give an address in Houston.

 Due process requires only that "the method of notice used be reasonably calculated,
under the circumstances, to apprise an interested party of the pendency of the action and afford the
party the opportunity to present objections." Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84-85
(1988); Walker v. Brodhead, 828 S.W.2d 278, 280 (Tex. App.--Austin 1992, writ denied). Walker
was a bill of review proceeding brought to set aside a default judgment. After several unsuccessful
attempts at service, substituted service had been accomplished by leaving a copy of the citation with
a person over sixteen years of age at defendant Walker's ranch outside Kerrville. Walker, 828
S.W.2d at 280. Defendant Walker claimed that the method of service used was not reasonably
calculated to give him notice of the suit and that the receiver fraudulently obtained the order
authorizing substituted service because the receiver knew that Walker was out of the county at the
time and so probably could not be found at the ranch. Id. at 280-81. However, the court held that
such a lack of notice did not necessarily void the judgment; that due process required only that the
method of notice used be reasonably calculated, under the circumstances, to apprise an interested
party of the pendency of the action and afford the party the opportunity to present objections. Id. at
280. 

 Notice can be reasonably effective even if there is reason to believe that the defendant
might not be physically present at a given moment at the service address. See Pao v. Brays Village
East Homeowners Ass'n, 905 S.W.2d 35, 37 (Tex. App.--Houston [1st Dist.] 1995, no writ) (service
at usual place of abode adequate when affidavit detailed attempts at service and stated that defendant
was evading service); Magan v. Hughes Tel. Network, Inc., 727 S.W.2d 104, 105 (Tex. App.--San
Antonio 1987, no writ) (upheld substituted service at address where defendant's children lived and
where it was shown that other communications had reached defendant, conflicting evidence whether
defendant was at that address). Crawford's telephone conversation with the constable showed that
she was aware of the attempted service and gave the deputy good reason to believe that her daughter-in-law had communicated to Crawford that he was seeking to serve her. See Magan, 727 S.W.2d
at 105. Crawford refused to supply another address where she could be reached and was ambiguous
about whether she had left the Denton County address permanently. Under these circumstances,
Crawford received notice that was reasonably calculated to apprise her of the pendency of the suit
and that satisfied due process. Walker, 828 S.W.2d 280. We overrule this portion of issue one.


Defective Order Authorizing Substituted Service


 Crawford also contends that the court order authorizing substituted service was
defective because it failed to specify the exact manner of substituted service; that is, it allowed the
constable to choose between service by leaving process with a person over sixteen at the address or
by attaching it to the door. Crawford relies on Rivers v. Viskozki, 967 S.W.2d 868, 869 (Tex.
App.--Eastland 1998, no pet.).

 In Rivers, the order for substituted service allowed service by delivery of a copy of
the citation and petition to anyone over sixteen at the usual place of abode or "in any other manner
which will be reasonably effective to give Defendant notice" but did not specify what "other
manner" should be used. Id. The constable stated in the affidavit to secure substituted service that
attaching a copy of the petition to the door would be reasonably effective to give notice, which the
return of service showed was the method used. Id. at 869-70. However, the court held that the order
had to specifically direct the constable as to how to serve the defendant, that is, specify the "other
manner." Id. at 871. The court held that service was not in strict compliance with the rules. Id. A
major concern of the court in Rivers was that it would not be possible to evaluate compliance with 
Rule 107 (2) concerning the return of service if the order authorizing service was not specific as to the
exact method authorized. Id. at 870-71.

 Our case is distinguishable from Rivers. In our case, the order specified one of two
alternative methods of service. The return indicated which alternative method was used; that method
complied with a method prescribed in the order. Cf. Dolly v. Aethos Communications Sys., Inc., 10
S.W.3d 384, 388-89 (Tex. App.--Dallas 2000, no pet.) (service inadequate when face of return
showed conflict as to method used, one of which was not authorized by order); Broussard v. Davila,
352 S.W.2d 753, 754 (Tex. App.--San Antonio 1961, no writ) (service inadequate because return
showed method used did not comply with method detailed by court in order).

 At the least, we think the court has the power to enumerate two specific alternative
methods of service as was done in this case. The return of service in this case shows compliance
with one alternative authorized in the order; that is, service was accomplished by posting the citation
and petition on Crawford's door. Accordingly, we overrule the second part of Crawford's first issue.


Amount of Judgment



 In her second issue presented, appellant claims the judgment is incorrect because the
amount of tax, penalty and interest is incorrect and because attorney's fees were improperly awarded
based on affidavit evidence. We conclude that the damages were correctly calculated, but that the
affidavit in support of attorney's fees was inadequate.


Damages


 Appellant complains that the amount of tax due should have been calculated from a
letter generated by the Internal Revenue Service concerning the estate, which she attached to her
brief as an exhibit. However, in a restricted appeal, error must appear from the face of the record. 
This letter is not part of the record and cannot form the basis for error. (3)

 A no-answer default judgment operates as an admission of the material facts alleged
in the plaintiff's petition, except for unliquidated damages. Texas Commerce Bank, Nat'l Ass'n v.
New, 3 S.W.3d 515, 516 (Tex. 1999); Arenivar v. Providian Nat'l Bank, 23 S.W.3d 496, 497 (Tex.
App.--Amarillo 2000, no pet.). If the claim is liquidated and proved by an instrument in writing,
the court assesses damages. Tex. R. Civ. P. 241; Arenivar, 23 S.W.3d at 497-98; Pentes Design, Inc.
v. Perez, 840 S.W.2d 75, 79 (Tex. App.--Corpus Christi 1992, writ denied). A claim is liquidated
if the amount of damages can be accurately calculated from (1) the factual, as opposed to conclusory,
allegations in the petition, and (2) an instrument in writing. Arenivar, 23 S.W.3d at 498; Pentes, 840
S.W.2d at 79.

 The record contains the Comptroller's certificate of delinquency. The certificate
calculates the amount of tax, penalty and interest due on a specific date, as well as the amount of
interest accruing daily after the fixed date. The delinquency certificate is an adequate basis to permit
the damages to be calculated accurately. Judgment was properly rendered on the liquidated amount. (4) 
First Nat'l Bank v. Shockley, 663 S.W.2d 685, 688-89 (Tex. App.--Corpus Christi 1983, no writ).




Attorney's Fees


 Crawford also complains that the affidavit in the record is insufficient to support the
award of attorney's fees. Although it is possible that an affidavit can support the trial court's award
of attorney's fees in a default judgment, the affidavit in this case does not meet the necessary
standard. New, 3 S.W.3d at 517-18.

 In the affidavit in New, the attorney specified that he was a duly licensed attorney, that
he was familiar with the usual and customary attorney's fees in the relevant county, and based on his
knowledge of the services rendered, "which he detailed, " concluded that a $30,000 attorney fee was
reasonable. Id. In contrast, in this case, the attorney did not state that he was familiar with the ususal
and customary attorney's fees in the relevant county and did not specify the services performed. The
affidavit states generally that the attorney has represented the State in similar collection cases and
that taking into consideration the amount in controversy, the nature of the case, the pleadings and
the hearing and appearances, in his opinion a reasonable attorney's fee would be $14, 600.00. The
affidavit supplies no detail about those services, for example, the attorney's usual billing rate and
amount of time involved, and is not adequate to allow the computation of a reasonable attorney's fee. 
See Woollett v. Matyastik, 23 S.W.3d 48, 52-53 (Tex. App.--Austin 2000, pet. denied) (evidence
of fees insufficient: failed to detail work completed, state attorney's hourly fees or hours expended);
cf. Central Tex. Micrographics v. Leal, 908 S.W.2d 292, 299 (Tex. App.--San Antonio 1995, no
writ) (attorney's fees evidence should include hourly rate and hours expended); see generally Scott
A. Brister, Proof of Attorney's Fees in Texas, 24 St. Mary's L.J. 313 (1993). Accordingly, we sustain
that part of Crawford's second issue dealing with attorney's fees.

Conclusion



 We hold that service was accomplished in strict compliance with the rules governing
service and that the judgment awarded the correct amount of damages. We affirm the district-court
judgment in those respects. We hold that the award of attorney's fees was erroneous and reverse the
district-court judgment in that respect and remand the cause for further proceedings to calculate
proper attorney's fees.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: May 31, 2001

Do Not Publish
1. The State also sued the Estate of Ruppert Craze; the default judgment taken against Crawford
and the Estate, jointly and severally. The notice of appeal, however, names only Crawford as an
appellant. Although Crawford attempts to raise an issue concerning personal jurisdiction over the
Estate, because the Estate as an entity is not an appellant we do not consider issues concerning it. 
See Tex. R. App. P. 25.1(c) (party who seeks relief from trial court judgment must file notice of
appeal), 25.1(f) (notice may be amended at any time before appellant's brief filed).
2. A default judgment may not be granted until the citation with proof of service as ordered by
the court has been on file for ten days. Tex. R. Civ. P. 107.
3. Appellee filed a motion to strike this letter, which is granted.
4. Even if Crawford had filed an answer, the Comptroller's Certificate of Delinquency is
afforded a presumption of correctness that the taxpayer must disprove. Bullock v. Foley Bros. Dry
Goods Corp., 802 S.W.2d 835, 839 (Tex. App.--Austin 1990, writ denied); Baker v. Bullock, 529
S.W.2d 279, 281 (Tex. Civ. App.--Austin 1975, writ ref'd n.r.e.).


Attorney's Fees


 Crawford also complains that the affidavit in the record is insufficient to support the
award of attorney's fees. Although it is possible that an affidavit can support the trial court's award
of attorney's fees in a default judgment, the affidavit in this case does not meet the necessary
standard. New, 3 S.W.3d at 517-18.

 In the affidavit in New, the attorney specified that he was a duly licensed attorney, that
he was familiar with the usual and customary attorney's fees in the relevant county, and based on his
knowledge of the services rendered, "which he detailed, " concluded that a $30,000 attorney fee was
reasonable. Id. In contrast, in this case, the attorney did not state that he was familiar with the ususal
and customary attorney's fees in the relevant county and did not specify the services performed. The
affidavit states generally that the attorney has represented the State in similar collection cases and
that taking into consideration the amount in controversy, the nature of the case, the pleadings and
the hearing and appearances, in his opinion a reasonable attorney's fee would be $14, 600.00. The
affidavit supplies no detail about those services, for example, the attorney's usual billing rate and
amount of time involved, and is not adequate to allow the computation of a reasonable attorney's fee. 
See Woollett v. Matyastik, 23 S.W.3d 48, 52-53 (Tex. App.--Austin 2000, pet. denied) (evidence
of fees insufficient: failed to detail work completed, state attorney's hourly fees or hours expended);
cf. Central Tex. Micrographics v. Leal, 908 S.W.2d 292, 299 (Tex. App.--San Antonio 1995, no
writ) (attorney's fees evidence should include hourly rate and hours expended); see generally Scott
A. Brister, Proof of Attorney's Fees in Texas, 24 St. Mary's L.J. 313 (1993). Accordingly, we sustain
that part of Crawford's second issue dealing with attorney's fees.

Conclusion



 We hold that service was accomplished in strict compliance with the rules governing
service and that the judgment awarded the correct amount of damages. We affirm the district-court
judgment in those respects. We hold that the award of attorney's fees was erroneous and reverse the
district-court judgment in that respect and remand the cause for further proceedings to calculate
proper attorney's fees.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Kidd and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: May 31, 2001

Do Not Publish
1. The State also sued the Estate of Ruppert Craze; the default judgment taken against Crawford
and the Estate, jointly and severally. The notice of appeal, however, names only Crawford as an
appellant. Although Crawford attempts to raise an issue concerning personal jurisdiction over the
Estate, because the Estate as an entity is not an appellant we do not consider issues concerning it. 
See Tex. R. App. P. 25.1(c) (party who seeks relief from trial court judgment must file notice of
appeal), 25.1(f) (notice may be amended at any time before appellant's brief filed).
2. A default judgment may not be granted until the citation with proof of service as ordered by
the court has been on file for ten days. Tex. R. Civ. P. 107.
3. Appellee filed a motion to strike this letter, which is granted.
4. Even if Crawford had filed an answer, the Comptroller's Certificate of Delinquency is
afforded a presumpt