

IN THE
TENTH COURT OF APPEALS

No. 10-08-00079-CV

DONALD STEINKE,

Appellant

v.

JAMES MANN,

Appellee

From the 414th District Court
McLennan County, Texas
Trial Court No. 2007-2425-5

OPINION

James Mann sued Donald Steinke for breach of contract. The trial court granted Mann's motion for substitute service under Rule of Civil Procedure 106. When Steinke failed to appear and answer, the trial court granted a default judgment. In this restricted appeal, Steinke contends that default judgment was improper because errors are apparent on the face of the record. We reverse and remand.

**RESTRICTED APPEAL**

A restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *Campbell v. Fincher*, 72 S.W.3d 723, 724 (Tex. App.—Waco 2002, no pet.). It must: (1) be brought within six months after the judgment is signed; (2) by a party to the suit; (3) who did not participate at trial; and (4) the error complained of must be apparent from the face of the record. *Id*; *see* TEX. R. APP. P. 26.1(c); *see also* TEX. R. APP. P. 30. The parties do not dispute the first three requirements, leaving only the issue of whether Steinke demonstrated error on the face of the record. *See Campbell*, 72 S.W.3d at 725.

**ANALYSIS**

Steinke alleges in his sole issue that there are four errors apparent on the face of the record. We find the third allegation, that the trial court's order failed to specify which of Rule 106's methods of substitute service would be effective notice, to be the most compelling and dispositive.[1]

Rule 106 provides that, upon receipt of a proper motion and affidavit, the *court may authorize* service: (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. TEX. R. CIV.

---

[1] Steinke's first and second alleged errors are that Mann's motion and the process server's affidavit are defective and his fourth alleged error is that the officer's return is defective.

P. 106(b). "[A] default judgment rendered upon defective service will not stand." *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007).

Here, the trial court's order merely states: "On this the undersigned date came on to be considered the above motion, and the court, after considering same, is of the opinion that it should be granted in all respects." It does not expressly authorize service either in accordance with Rule 106(b)(1) or (b)(2).

Steinke cites *Rivers v. Viskozki*, 967 S.W.2d 868 (Tex. App.—Eastland 1998, no pet.) for the proposition that the trial court was required to specify the manner of service in its order. In *Rivers*, the trial court ordered that service should "be effected by delivering a copy of the citation, along with a copy of the petition attached, to anyone over sixteen (16) years of age at the Defendant's usual place of abode *or in any other manner which will be reasonably effective to give Defendant notice of the impending suit."* *Rivers*, 967 S.W.2d at 869. The Eastland Court held that "Rule 106(b) requires that the court entering the order determine and direct in the order the manner of service that the court determines would be reasonably effective to give the defendant proper notice of the suit." *Id*. at 870. "This important function is not to be left to the discretion of the process server." *Id*. The trial court rendered Rule of Civil Procedure 107[2] "meaningless" "[b]ecause the trial court failed to specifically order the constable to effect substituted service in a specific manner, [thus] it could not be determined from

---

[2]     Rule 107 governs return of service and provides, "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." TEX. R. CIV. P. 107.

the return of service whether the court's order for substituted service has been 'precisely' complied with." *Id.*

Mann contends that, in *Rivers*, the citation was served at a different address than the one identified in the order; thus, "service fell within the generic language in the order allowing service 'in any other manner which will be reasonably effective to give Defendant notice of the impending suit'" and "allowed someone other than the judge to determine the manner of service." According to Mann, service in this case was completed as authorized by the trial court.[3] We disagree.

In *Rivers*, the Eastland Court specifically found fault with the trial court's failure to specify the manner of service. *See Rivers*, 967 S.W.2d at 870. Moreover, the "only authority for the substituted service is the order itself." *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.) (process server failed to comply with the trial court's specific instructions). "Because the trial court's order is the sole basis of authority authorizing substituted service, any deviation from the trial court's order necessitates a reversal of the default judgment based on service." *Id.* If the process server derives his authority from the trial court's order and must not deviate from the instructions in that order, then the order must contain specific instructions for the process server to follow. Otherwise, the order is defective.

The order in this case is even more vague than the order in *Rivers*. Instead of specifically authorizing one or more methods of service, the order gave the process

---

[3] The officer's return states that service was completed via "posting per rule 106." This method was one of several requested in Mann's motion and one of two mentioned in the process server's affidavit.

server *no* directions with which to comply. *See Rivers*, 967 S.W.2d at 870; *see also Conner v. W. Place Homeowners Ass'n*, No. 14-99-00659-CV, 2000 Tex. App. LEXIS 3053, at *6-7 (Tex. App.—Houston [14th Dist.] May 11, 2000, pet. denied) (not designated for publication) (finding that trial court's order authorizing two alternative methods of service was not vague: "Although the order in this case might be read to allow the process server to choose between two methods of service, both were determined by the trial court, and the process server was not free to devise a method of service and then implement it."). The manner of service was left to the process server's discretion. Accordingly, service was defective, and default judgment was improper. *See Rivers*, 967 S.W.2d at 870; *see also Hubicki*, 226 S.W.3d at 408. We sustain Steinke's sole issue on this ground and need not address his remaining arguments. *See* TEX. R. APP. P. 47.1.

The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.


                                        FELIPE REYNA
                                        Justice

Before Chief Justice Gray,
        Justice Vance, and
        Justice Reyna
        (Chief Justice Gray concurs in the judgment. A separate opinion will not issue.)
Reversed and remanded
Opinion delivered and filed December 10, 2008
[CV06]