COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| (ONE) 2000 FREIGHTLINER | § | |
| TRUCK-TRACTOR | | No. 08-12-00367-CV |
| VIN: 1FUYDSEBXYDB07196 AND | § | |
| SIX HUNDRED NINETY FOUR | | Appeal from |
| DOLLARS AND TWELVE CENTS | § | |
| ($694.12) IN UNITED STATES | | Criminal District Court No. 1 |
| CURRENCY, | § | |
| | | of El Paso County, Texas |
| Appellant, | § | |
| | | (TC # 2012DCV04469) |
| v. | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | |

# **O P I N I O N**

Pedro Guerrero is appealing a no-answer default judgment granted in favor of the State of Texas in a civil forfeiture case. We reverse and remand for a new trial.

## **FACTUAL SUMMARY**

On June 14, 2012, the State filed a notice of seizure and intended forfeiture of a 2000 Freightliner truck-tractor and $694.12 in United States currency alleging that the property was contraband and subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure. The petition alleged that Pedro Guerrero is the possessor and owner of the property and he could

be served at a certain street address in Tonopah, Arizona.[1] A process server attempted to serve Guerrero with the notice of seizure and forfeiture by certified mail sent to the Tonopah address but it was returned on June 19, 2012 by the U.S. Postal Service marked "RETURN TO SENDER ATTEMPTED NOT KNOWN, UNABLE TO FORWARD." On July 23, 2012, the trial court signed an order authorizing substituted service by posting the original notice of seizure at the El Paso County Courthouse for a period of thirty days, but the State did not file its motion for substituted service and the supporting affidavit from the process server until August 2, 2012. The trial court granted the default judgment forfeiting the property to the State on November 2, 2012.

## SUBSTITUTED SERVICE

Guerrero attacks the default judgment by nine issues on appeal. In Issue One, he contends that the default judgment must be set aside because the trial court entered the substituted service order without first being presented with a motion requesting substituted service. The State acknowledges that its substituted service motion was not filed with the trial court clerk prior to the court's entry of the substituted service order and it concedes that its motion does not strictly comply with the Texas Rules of Civil Procedure. The State concludes that if strict compliance is required, the default judgment must be set aside. The State's candor is appreciated but it does not relieve the Court of its obligation to engage in an independent review of the first issue to determine whether it has merit and requires reversal of the judgment. *See Texas Farmers Insurance Company v. Cameron*, 24 S.W.3d 386, 398, n.2 (Tex.App.--Dallas 2000, pet. denied); *Haas v. Voigt*, 940 S.W.2d 198, 201 & n.1 (Tex.App.--San Antonio 1996, writ denied).

Personal jurisdiction, a vital component of a valid judgment, is dependent "upon citation

---

[1] The petition also named Pablo Daniel Tapia as a respondent but he is not a party to this appeal.

issued and served in a manner provided for by law." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012), *quoting Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If service is invalid, it cannot establish the trial court's jurisdiction over a party. *In re E.R.*, 385 S.W.3d at 563. Defective service may be raised for the first time on appeal. *See Wilson*, 800 S.W.2d at 837. A default judgment is improper against a defendant who has not been served in strict compliance with the rules governing service of process even if he has actual knowledge of the lawsuit. *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Wilson*, 800 S.W.2d at 836.

Rule 106(a) provides that unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto. TEX.R.CIV.P. 106(a). The trial court may, *upon motion and supporting affidavit*, enter an order authorizing substituted service. TEX.R.CIV.P. 106(b). It is undisputed that the State's motion for substituted service and supporting affidavit had not been filed when the trial court entered the order authorizing the process server to serve Guerrero by posting the forfeiture notice in the courthouse. We conclude that the record fails to show that Guerrero was served in strict compliance with Rule 106(b). Accordingly, Issue One is sustained. It is unnecessary to address the remaining eight issues. The default judgment entered against Guerrero is reversed and the cause is remanded for a new trial.

March 19, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

- 3 -