**REVERSE and REMAND; and Opinion Filed August 2, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01364-CV

### BECKY J. CAMPBELL, Appellant
### V.
### BANK OF AMERICA, Appellee

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-02681-2016**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

Becky Campbell brings a restricted appeal challenging a no-answer default judgment rendered against her. We reverse and remand because the record shows that Bank of America, the appellee, did not comply with the requirements for serving Campbell with process.

Bank of America sued Campbell and alleged an "account stated" claim[1] based on her failure to pay a $10,547.77 balance that she allegedly owed on a credit card obtained from the bank. The bank requested the issuance of a citation addressed to 420 Murray Rd, McKinney, TX 75069. The citation was issued on November 17, 2016, and listed the foregoing McKinney address. The record contains a February 1, 2017 affidavit signed by Collin County Deputy Constable Bailey Kyle, who averred that he had attempted personal service, without success, at Campbell's usual place of abode

---

[1] *See Aymett v. Citibank S.D. N.A.,* 397 S.W.3d 876, 878 (Tex. App.—Dallas 2013, no pet.) (describing elements of an account stated claim).

or business: 420 Murray Rd., Fairview TX, 75069. Two days later, on February 3, the court signed an order authorizing substituted service. Collin County Constable Shane Williams effected service by taping the citation and petition to the front door of the foregoing Fairview address.

Campbell did not file an answer to the bank's petition, and the bank filed a motion for default judgment on June 27, 2017. Two days later, on June 29, the court rendered judgment granting the bank's motion and awarding it $10,547.77 as actual damages, plus additional sums to reimburse the bank for its court costs. Campbell filed this restricted appeal on November 28, 2017, approximately five months after the court had rendered judgment against her.

Campbell raises two issues to which the bank has not filed a brief in response. Campbell's first issue contends that the default judgment rendered against her is void and should be vacated because the bank's service of process did not comply with Rules 106 or 107 of the Texas Rules of Civil Procedure. A restricted appeal has a more lenient filing deadline than a traditional appeal but is available only to parties who did not participate in the hearing that resulted in the judgment. *Pike–Grant v. Grant*, 447 S.W.3d 884, 884 (Tex. 2014) (per curiam) (citing TEX. R. APP. P. 30). To prevail in her restricted appeal, Campbell must prove: (i) she filed her notice of restricted appeal within six months after the judgment was signed; (ii) she was a party to the underlying suit; (iii) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (iv) error is apparent on the face of the record. *Id.* at 886; *see also* TEX. R. APP. P. 26.1(c) (providing that notice of appeal in restricted appeal must be filed within six months after judgment is signed). The record clearly establishes the first three elements; therefore, we only need to determine if Campbell has shown error on the face of the record, which consists of all the papers before the trial court at the time the judgment was rendered. *Krawiec v. Holt*, No. 05-17-00307-

CV, 2018 WL 2126858, at \*1 (Tex. App.—Dallas May 7, 2018, no pet.) (mem. op.). Campbell urges three reasons that the record before us is erroneous on its face.

*No motion for substituted service filed*

Rule 106(b) permits substituted service "[u]pon motion supported by affidavit." TEX. R. CIV. P. 106(b). The affidavit of service filed in this case lacked an accompanying motion, which Campbell contends was error. Strict compliance with the rules for service of citation must affirmatively appear on the record for a default judgment to withstand a direct attack. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). There are no presumptions in favor of valid issuance, service, and return of citation. *Id.* Campbell relies on *(One) 2000 Freightliner Truck-Tractor VIN: 1FUYDSEBXYDB07196 and Six Hundred Ninety Four Dollars and Twelve Cents ($694.12) in U.S. Currency v. State*, a civil forfeiture action in which the trial court signed an order authorizing substituted service before the State had filed its motion for substituted service and supporting affidavit. 441 S.W.3d 492, 493–94 (Tex. App.—El Paso 2014, no pet.). Our sister court reversed the default judgment rendered in that case because the record did not show that the defendant was served in strict compliance with Rule 106(b). *Id.* at 494; *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990) ("[S]ubstitute service is not authorized under Rule 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service."). Based on these authorities, we agree that the record shows the bank did not strictly comply with Rule 106(b).

*Defective return of service*

The return of service in this case does not reference the court in which the case was filed, as is required by Rule 107(b)(2). TEX. R. CIV. P. 107(b). Campbell cites *Paramount Credit, Inc. v. Montgomery*, in which our sister court held that a return of service with this defect, among others, constituted error on the face of the record. 420 S.W.3d 226, 233 (Tex. App.—Houston [1st Dist.]

2013, no pet.). We likewise conclude that the return at issue shows an error on the face of the record here.

*Improper substituted service*

The February 3 order authorized substituted service by delivering a copy of the citation and petition (i) to Campbell's usual place of business, or (ii) to anyone over sixteen years of age at Campbell's usual place of abode, or (iii) by registered or certified mail, or (iv) in any manner "reasonably effective" to give Campbell notice of the suit. Campbell argues that method (iv) above was an overbroad delegation of the court's discretion to the officer effecting service. This method appears to be based on Rule 106(b)(2), which permits a court to authorize service "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2). However, the rule "requires that the court . . . direct in the order the manner of service that the court determines would be reasonably effective to give the defendant proper notice of the suit." *Rivers v. Viskozki*, 967 S.W.2d 868, 870 (Tex. App.—Eastland 1998, no pet.). "This important function is not to be left to the discretion of the process server," *id.*, as it was in this case. We agree that the order was invalid as to method (iv) above because it did not specifically identify the manner in which the constable was to effect substituted service. *Id.*

Turning to methods (i) through (iii) above, Campbell urges that proof of service in this case was not made "in the manner ordered by the court," as is required by Rule 107(f). TEX. R. CIV. P. 107(f). Namely, the petition and citation were not left with anyone over the age of sixteen nor were they mailed. Moreover, while the return reflects that the petition and citation were taped to the front door of the foregoing Fairview address, it does not show that this address was Campbell's usual place of business. Nor is this missing information contained in the court's order or elsewhere in the record. "When service is made by leaving a copy of the citation and petition at the

defendant's usual place of business as authorized by an order issued pursuant to Rule 106, the return must state that the address at which the papers were left was the usual place of business of the defendant." *Hurd v. D. E. Goldsmith Chem. Metal Corp.,* 600 S.W.2d 345, 346 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ). The return in this case is defective because it does not establish that service was accomplished at Campbell's usual place of business or in compliance with any other manner authorized by the February 3 order.

In light of the foregoing errors on the face of the record, we sustain Campbell's first issue. We also sustain her second issue, which asserts that, as the prevailing party, she is entitled to an award of her appeal costs. TEX. R. APP. P. 43.4. We reverse the default judgment and remand the cause to the trial court.

/Jason Boatright/
_____
JASON BOATRIGHT
JUSTICE

171364F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BECKY J. CAMPBELL, Appellant

No. 05-17-01364-CV      V.

BANK OF AMERICA, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-02681-2016.
Opinion delivered by Justice Boatright.
Justices Bridges and Brown participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

     It is **ORDERED** that appellant BECKY J. CAMPBELL recover her costs of this appeal from appellee BANK OF AMERICA.

Judgment entered this 2nd day of August, 2018.