**Andrew J. ZARAGOZA, Appellant,**

v.

**Clara DE LA PAZ MORALES et vir, Appellees.**

**No. 5597.**

Court of Civil Appeals of Texas, Eastland.

March 26, 1981.

Rehearing Denied April 16, 1981.

Ralph K. Harrison, Beckmann, Stanard & Olson, San Antonio, for appellant.

Marvin Miller, San Antonio, for appellees.

DICKENSON, Justice.

The controlling issue is whether the sheriff's return shows proper service of citation. Defendant, Andrew J. Zaragoza, appeals by writ of error from a default judgment which awarded $25,000 to Plaintiff, Clara De La Paz Morales and husband, Robert G. Morales. Since the sheriff's return shows citation on Andrew L. Zaragoza, the default judgment against Andrew J. Zaragoza must be reversed.

In order to uphold a default judgment which is directly attacked by writ of error, the record must affirmatively show a strict compliance with the procedural rules relating to the issuance, service and return

**296**

of citation. There are no presumptions as to the validity of service when the default judgment is attacked by writ of error. See, e. g., *Whitney v. L & L Realty Corporation,* 500 S.W.2d 94 (Tex.1973); *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965); *Flynt v. City of Kingsville,* 125 Tex. 510, 82 S.W.2d 934 (Tex.Comm'n App.1935, opinion adopted); 4 McDonald, Texas Civil Practice § 17.23.2 (Rev.1971); Pohl and Kirklin, "Judgments by Default—A Survey of Texas Law," 31 Sw.L.J. 465 (1977).

█ Defendant's first point of error is that the trial court erred in granting default judgment to Plaintiffs because the record reflects that service of citation was executed on Andrew *L.* Zaragoza, and the record fails to reflect that service of citation was ever performed on Andrew *J.* Zaragoza. We sustain this point of error because of the Supreme Court's holding in *Hendon v. Pugh,* 46 Tex. 211 (1876), that an erroneous middle initial in the sheriff's return required a reversal of the default judgment. We need not discuss the other points of error.

Plaintiffs argue that a middle name or initial should be disregarded unless an innocent person would be injured; however, the cases which they cite are distinguishable, for they do not involve appeals by writ of error from a default judgment.

The default judgment is reversed, and the cause is remanded for trial.

### ON REHEARING

█ Clara De La Paz Morales and Robert G. Morales ask us to consider the Deputy Sheriff's affidavit dated April 3, 1981, "as an amendment to the Sheriff's return" which is dated November 2, 1979. Under Tex.R.Civ.P. 118 the trial court could have permitted an amendment of the proof of service while it had jurisdiction; however, the return cannot be amended after writ of error is perfected in the Court of Civil Appeals. *See Diamond Chemical Company, Inc. v. Sonoco Products Company,* 437 S.W.2d 307 (Tex.Civ.App. - Corpus Christi 1968, no writ); *Hance v. Cogswell,* 307 S.W.2d 277 (Tex.Civ.App. - Austin 1957, no

writ); *Firman Leather Goods Corporation v. McDonald & Shaw,* 217 S.W.2d 137 (Tex. Civ.App. - El Paso 1948, no writ); *Midwest Piping & Supply Co., Inc. v. Page,* 128 S.W.2d 459 (Tex.Civ.App. - Beaumont 1939, writ ref'd).

The Motion for Leave to file supplemental transcript is overruled. The Motion for Rehearing is overruled.