**Robert H. WALKER & Anita Zapata Walker, Appellants,**

**v.**

**Eugene A. BRODHEAD, Receiver of National County Mutual Fire Insurance Company, Appellee.**

No. 3–91–205–CV.

Court of Appeals of Texas, Austin.

April 1, 1992.

Rehearing Overruled April 29, 1992.

Charles J. Fortunato, Pezzulli & Associates, Dallas, for appellants.

Scott A. Scher, Rubinstein & Perry, Dallas, for appellee.

Before JONES, KIDD and SMITH, JJ.

JONES, Justice.

This is a default judgment case. Robert H. Walker and Anita Zapata Walker ("the Walkers"), appellants, filed a petition for bill of review in the district court in an attempt to overturn a default judgment previously taken against Robert H. Walker ("R. Walker") by the appellee, Eugene H. Brodhead, Receiver of National County Mutual Fire Insurance Company (the "Receiver"). The trial court granted the Receiver's motion for summary judgment denying the Walkers' bill of review, and the Walkers have appealed to this Court. On appeal, the Walkers argue in five points of error that the default judgment is void because the record affirmatively shows that the trial court lacked personal jurisdiction over R. Walker at the time it entered the judgment. We will affirm the judgment of the trial court.

## BACKGROUND

On December 30, 1988, the Receiver filed suit against R. Walker and others, alleging various causes of action for fraud in connection with the insolvency of National County Mutual Fire Insurance Company ("National County"). After filing suit, the Receiver made numerous unsuccessful attempts to serve process on R. Walker. Thereafter, on January 23, 1989, the Receiver obtained an order from the trial court authorizing substituted service of process. Pursuant to the order allowing substituted service, the process server left a copy of the citation with a person at R. Walker's ranch in Kerrville, Texas. Thereafter, R. Walker failed to answer or appear in the suit, and the trial court rendered a default judgment against him on February 13, 1989. On March 10, 1989, the trial court severed the suit against R. Walker from the remaining defendants, making the default judgment final.

In an attempt to overturn the default judgment, the Walkers filed a petition for bill of review in November 1990, arguing: (1) that the method of service attempted by the Receiver was not reasonably calculated to give R. Walker notice of the suit and in fact did not give him reasonable notice of the suit; and (2) that service of process was not accomplished in strict accordance with the applicable rules of procedure or the order authorizing substituted service. The Walkers perfected this appeal from the

trial court's summary judgment denying their bill of review.

## STANDARD OF REVIEW

The standards for reviewing a summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Mgt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ A petitioner for bill of review must ordinarily plead and prove three elements: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which the movant was prevented from making by the fraud, accident, or wrongful act of the opposite party, (3) unmixed with any fault or negligence on the part of the movant. *Ortega v. First Republic Bank Fort Worth,* 792 S.W.2d 452, 453 (Tex.1990); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (Tex. 1950). The Walkers, however, sought to have the default judgment set aside on a different ground: that the trial court did not have personal jurisdiction over R. Walker at the time it rendered the default judgment because process had not been properly served on him. *See Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). Therefore, in order to support a summary judgment in this case, the record must show that proper service of process was had as a matter of law and that there is no genuine issue of material fact as to that matter.

## REASONABLY CALCULATED TO GIVE NOTICE

■ As stated above, R. Walker asserts that he did not have actual notice of the underlying suit before the trial court's rendition of default judgment against him. Such lack of notice, however, does not necessarily void the judgment. Due process requires only that the method of notice utilized be reasonably calculated, under the circumstances, to apprise an interested party of the pendency of the action and afford the party the opportunity to present objections. *Peralta,* 485 U.S. at 84–85, 108 S.Ct. at 898–99.

■ The record in the present case reveals that after numerous unsuccessful attempts by the Receiver to serve process on R. Walker at his business and residential addresses, the trial court permitted substituted service pursuant to Rule 106:

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex.R.Civ.P. 106. In granting the substituted service, the trial court ordered

that service upon Defendant Robert H. Walker in this cause be by Richard Grayum, a disinterested adult, by leaving a true cipy [sic] of the citation, with a cipy [sic] of the petition in this cause attached, with anyone over sixteen (16) years of age at La Reata Ranch, 2555 Shepherd Rees Road, Kerrville, Texas, a place where Defendant Robert H. Walker may probably be found.

The Walkers assert that: (1) leaving a copy of the citation with someone at La Reata Ranch was not reasonably calculated to give R. Walker notice of the suit; and (2)

the Receiver fraudulently obtained the order authorizing substituted service because it knew that R. Walker was out of the country at the time and therefore knew that he probably could not be found at La Reata Ranch. Having reviewed the summary-judgment record, we conclude that both arguments are without merit.

First, there is evidence that the Walkers designated La Reata Ranch as their residential homestead in December 1988. The Receiver attached a copy of the Walkers' homestead designation to its motion for substituted service. In addition, the record contains the sworn testimony of three witnesses, including two sons of R. Walker, that R. Walker had made La Reata Ranch his residence in December 1988 and that it was the best place to locate him at the time the Receiver was attempting to serve him with process. This evidence went uncontradicted by any competent summary-judgment evidence except for the Walkers' fraud allegations, which we determine to be legal conclusions wholly unsupported by the record. Therefore, based on the record in this case, we conclude that as a matter of law substituted service of process on R. Walker at La Reata Ranch was a method of notice that was reasonably calculated, under the circumstances, to apprise R. Walker of the pendency of the action and afford him the opportunity to present objections.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

The Walkers further argue that even if it was reasonable to authorize substitute service of process on R. Walker at La Reata Ranch, the Receiver failed to comply with the requirements of the Rules of Civil Procedure and the order authorizing substitute service. The Walkers argue that there are three defects in the officer's return of citation: (1) the officer's return was not verified as required by the order; (2) the officer's return failed to show that the officer

left the citation with an individual over the age of sixteen; and (3) the officer's return failed to show that the officer left the citation at La Reata Ranch. Even if we assume, however, that the officer's return contained those defects, on January 4, 1991, after notice and hearing, the court below signed an order permitting the officer's return to be amended pursuant to Rule 118 of the Texas Rules of Civil Procedure. The amendments to the officer's return rectified the alleged omissions; therefore, the dispositive issues are whether the trial court properly allowed amendment of the officer's return and what effect the amended return has on the default judgment.

■ Rule 118 provides the following:

*At any time* in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Tex.R.Civ.P. 118 (emphasis added). The Rule authorizes the trial court to amend proof of service "at any time," with the only limitation being material prejudice to the defendant's substantial rights.[1] Thus, the court below had jurisdiction to allow amendment of the proof of service pursuant to Rule 118, even though some twenty-two months had passed since the default judgment became final. Therefore, we now discuss whether the trial court properly allowed the amendment of the return.

### 1. *Amendment Properly Allowed?*

■ The Walkers do not challenge the propriety of the trial court's order permitting the officer's return to be amended to show that the citation was actually left with someone over the age of sixteen at La Reata Ranch. Rather, the Walkers focus on the "verification" requirement. They

1. Courts have held that a trial court loses jurisdiction to allow amendments under Rule 118 if a writ-of-error appeal has been perfected. *See Zaragoza v. De La Paz Morales,* 616 S.W.2d 295, 296 (Tex.Civ.App.1981, writ ref'd n.r.e.), and

cases cited therein. However, no petition for writ of error was filed in this case; therefore, we need not address the soundness of those holdings.

argue that verification of the officer's return is a substantive requirement of proper service of process and, therefore, a court cannot properly use Rule 118 to allow an officer to verify his return after the rendering of a default judgment. We disagree.

As recently stated by the Texas Supreme Court, Rule 118 gives a trial court express authority "to allow amendment of the return to reflect the service that was actually had." *Higginbotham v. General Life & Accident Ins. Co.,* 796 S.W.2d 695, 696 (Tex.1990). The Walkers to not dispute the fact that the Receiver left a copy of the citation with a person over the age of sixteen at La Reata Ranch. Nor do they argue that the return cannot be amended to reflect these facts. Indeed, it is clear that such amendments are proper under Rule 118. *See Higginbotham,* 796 S.W.2d at 696–97; *Mylonas v. Texas Commerce Bank–Westwood,* 678 S.W.2d 519, 522–23 (Tex.App.1984, no writ); *Bavarian Autohaus, Inc. v. Holland,* 570 S.W.2d 110, 113 (Tex.Civ.App.1978, no writ); *Employer's Reinsurance Corp. v. Brock,* 74 S.W.2d 435, 437–38 (Tex.Civ.App.1934, writ dism'd).

In light of the fact that the return can be amended to add or change substantive facts, it would be incongruous to conclude that an officer cannot also amend a return to verify facts already contained therein. Indeed, as pointed out by the trial court, any time an officer amends a return, he or she must verify the return as amended. The Walkers have cited no authority to support their position that verification is not a proper amendment under Rule 118; therefore, we find their argument without merit and conclude that as a matter of law the trial court was authorized to allow the amendment of the officer's return to reflect the service actually had and to allow verification of the facts contained therein. We also conclude as a matter of law that the amendment of the return did not materially prejudice any substantial rights of the Walkers.

2. *Relation Back of the Amended Return*

■ Finally, the Walkers argue that even if the return was properly amended,

no default judgment can be granted under Rule 107 until proof of service, as required by the order authorizing substitute service, has been on file with the clerk of the court for at least ten days. *See* Tex.R.Civ.P. 107. The order authorizing substitute service in this case required that the officer's return of service be verified; therefore, the Walkers argue, even if the return can be amended to satisfy the verification requirement of the order, the default judgment must be set aside because proof of service as required by the order was not on file with the clerk at least ten days before the default judgment was entered. This argument is without merit as well.

The law is clear that when a return is amended under Rule 118, the amended return relates back and is regarded as filed when the original return was filed. *See Higginbotham,* 796 S.W.2d at 696–97; *Bavarian Autohaus,* 570 S.W.2d at 113; *Lafleaur v. Switzer,* 109 S.W.2d 239, 241 (Tex.Civ.App.1937, no writ); *Employer's Reinsurance Corp.,* 74 S.W.2d at 438. The original return was filed at least ten days before the default judgment was entered; therefore, Rule 107 was satisfied.

### CONCLUSION

In conclusion, we quote from a previous opinion of this Court:

> The purpose of citation is to give proper notice, to those entitled thereto, of the matter to be determined by the court, and the place and time of such hearing. This necessarily involves two elements: (1) The service of the process; and (2) the return of the officer, showing that he has complied with the law. It is the service, and not the return, which gives the court jurisdiction over the defendant.... The return of citation is but the certificate of the officer as to where, when and how it was executed. And such return, if erroneous, may be subsequently corrected.

*Gunter's Unknown Heirs & Legal Representatives v. Lagow,* 191 S.W.2d 111, 113 (Tex.Civ.App.1945, writ ref'd). Thus, based

on our foregoing discussion, we conclude that as a matter of law the trial court had personal jurisdiction over R. Walker at the time it rendered the default judgment against him. Therefore, the court did not err in granting summary judgment denying the Walkers' bill of review.

We overrule the Walkers' points of error and affirm the trial court's judgment.