

NUMBER 13-08-00039-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GUILLERMO GONZALEZ, Appellant,

v.

EUGENIO M. TAPIA, Appellee.

On appeal from the County Court at Law No. 2
of Cameron County, Texas.

# O P I N I O N

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Opinion by Chief Justice Valdez**

Appellant, Guillermo Gonzalez, appeals from an order denying his petition for bill of review.  By two issues, Gonzalez contends that the trial court erred (1) by allowing appellee, Eugenio M. Tapia, to amend proof of service of citation after the trial court's plenary power had expired, and (2) by denying his petition for bill of review because the

default judgment was rendered after invalid service. We affirm.

## I. BACKGROUND

On September 29, 2006, Tapia sued Gonzalez for breach of contract.[1] On October 2, 2006, Gonzalez was personally served with citation by Able Bentancourt Jr., a private process server, and Gonzalez signed the return of citation. The return of citation, however, was not verified. *But see* TEX. R. CIV. P. 107 ("The return of citation by an authorized person shall be verified."). Gonzalez never filed an answer, and on November 13, 2006, the trial court rendered a default judgment for $11,280 in damages, post-judgment interest, and $1,000 in attorney's fees. The clerk mailed a notice of default judgment on December 6, 2006. *See id*. 239a. On January 5, 2007, Gonzalez filed a motion for new trial, which the trial court denied on February 15, 2007.

On April 5, 2007, a writ of execution was issued. A notice of sheriff's sale on a parcel of Gonzalez's nonexempt real property was advertised on the courthouse door, and on June 5, 2007, Eric Williams and Dale Robertson purchased the property for $14,499.50.

On August 10, 2007, Gonzalez filed a petition for bill of review, asserting that the default judgment was "void" because the clerk failed to immediately and properly notify him under Rule 239a of the Texas Rules of Civil Procedure. *See id*. Attached to his petition was an affidavit by Gonzalez, which, in relevant part, states:

> I am the Defendant in Cause No. 2006-CCL-1559-B. When I got served with papers by Mr. Tapia I immediately went to Mr. Kowalski's office and asked him if he could handle it. He said he would look into it but I understood he

[1] In his petition, Tapia, a realtor, alleged that: (1) Gonzalez, through an exclusive listing agreement, hired him to sell a piece of commercial real estate; (2) pursuant to the agreement, he found a buyer; (3) on December 15, 2005, Gonzalez and Irma Garza, the buyer, executed an earnest money contract for $188,000; and (4) Gonzalez refused to close the transaction. Tapia asserted that Gonzalez breached the listing agreement and earnest money contract, and he prayed for damages of $11,280, which represented a six-percent commission owed to him under the listing agreement, interest, and attorney's fees.

2

was going to take care of it. In late December I found out a no answer default judgment had been rendered against me since November 13, 2006 and I contacted Mr. Kowalski. I wanted to know why he never filed an answer on my behalf and he explained that he was under the impression that I no longer needed his services because I never went back to see him to discuss if he had looked into the matter or not. Nonetheless, as soon as we both realized our mistake we filed a Motion for New Trial relying on the notice from the Court dated December 6, 2006.

Gonzalez also asserted that his failure to present a defense was the result of an accident and not the result of his fault or negligence.

Tapia answered the bill of review petition by arguing that Gonzalez waived his right to obtain relief because he failed to pursue a direct or restricted appeal. *See generally*, TEX. R. APP. P. 30.

At a November 7, 2007 hearing on Gonzalez's petition for bill of review, Gonzalez argued that the clerk mailed the notice of default judgment late, thereby preventing him from timely filing a motion for new trial, and that Bentancourt's return of citation was not properly verified. *See* TEX. R. CIV. P. 107. Tapia objected to the return of citation argument on the basis that it was not pleaded. Additionally, Tapia reasserted the argument raised in his answer, and he also argued that Gonzalez's signature on the citation constituted a waiver of citation. The trial court continued the hearing so that the parties could submit legal memorandums. Gonzalez filed a memorandum of law. Tapia filed a motion to amend proof of service that included an affidavit by Bentancourt, executed on December 12, 2007, in which Bentancourt averred that he personally delivered Tapia's original petition to Gonzalez on October 2, 2006.

On December 11, 2007, the trial court granted Tapia's motion to amend proof of service and denied the bill of review. This appeal followed.

3

## II. Standard of Review

We review the trial court's grant or denial of a bill of review for an abuse of discretion, and every presumption is indulged in favor of the court's ruling. *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.–Austin 2000, pet. denied). We review the trial court's ruling on pleadings for an abuse of discretion. *Hardin v. Hardin*, 597 S.W.2d 347, 349-50 (Tex. 1980). A trial court abuses its discretion if it misapplies the law to established facts. *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975); *In re Talco-Bogata Consol. Indep. Sch. Dist. Bond Election*, 994 S.W.2d 343, 347 (Tex. App.–Texarkana 1999, no pet.).

## III. Amending Proof of Service

By his second issue, Gonzalez argues that the trial court erred by granting Tapia's motion to amend proof of service because the trial court's plenary power expired before the motion was filed. Tapia responds by arguing that Rule 118 of the Texas Rules of Civil Procedure allows a trial court to amend proof of service at any time, even after the trial court's plenary power has expired.

Before a default judgment is properly rendered, the record must reflect that the trial court has jurisdiction and that the case is ripe for judgment. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968). When determining whether the case is ripe for judgment, the trial judge has a mandatory duty to determine that the defendant was duly served with citation and has no answer on file. *Id*. at 138-39. Unless the record affirmatively shows, at the time the default judgment is entered, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter a default judgment against the defendant.

4

*Am. Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 766 (Tex.App.–Corpus Christi 1987, writ ref'd n.r.e.).

Rule 107 of the Texas Rules of Civil Procedure states in relevant part:

The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. *The return of citation by an authorized person shall be verified*.

Tex. R. Civ. P. 107 (emphasis added). In *Carmona v. Bunzl Distribution* this Court, following two of its sister courts, held that a private process server's return of citation must strictly comply with the rules of civil procedure or service of process will be deemed invalid. 76 S.W.3d 566, 569 (Tex. App.–Corpus Christi 2002, no pet.); *see Garza v. Zavala*, 905 S.W.2d 312, 313 (Tex.App.–El Paso 1995, no writ)*; McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 415-16 (Tex.App.–Houston [1st Dist.] 1992, writ denied). Gonzalez argues that our holding in *Carmona* controls this case and that reversal is required.

Tapia disagrees, and he posits that *Walker v. Brodhead* supports the trial court's decision to amend the process server's proof of service after its plenary power has expired. 828 S.W.2d 278, 282 (Tex. App.–Austin 1992, writ denied). We agree. The *Walker* court held that Rule 118 allows a trial court to grant an amendment to a process server's proof of service twenty-two months after the default judgment had become final and that the amendment related back to the original service date. *Id*. at 281-82. As support for its decision, the court pointed to Rule 118's opening phrase—"[a]t any time"—and the supreme court case of *Higginbotham v. General Life and Accident Insurance Company*. *See* Tex. R. Civ. P. 118; 796 S.W.2d 695 (Tex. 1990).

Rule 118 states:

5

> At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

TEX. R. CIV. P. 118. In *Higginbotham*, the supreme court held that an order denying a default judgment debtor's motion for new trial implicitly allowed the underlying plaintiffs to amend proof of citation through affidavit testimony that was submitted at the hearing on the default-judgment debtor's timely-filed motion for new trial. 796 S.W.2d at 696-97.

Gonzalez attempts to distinguish *Walker* by arguing that in this case he was wronged by: (1) the clerk's tardy notice of a default judgment, (2) the execution and sale of his real property upon what he contends is a "void judgment,"[2] and (3) the fact that the amendment to the proof of service was made after the default judgment was executed. These are certainly unfortunate events. However, the reality is that Gonzalez could have availed himself of an out-of-time motion for new trial once he received the clerk's notice, but he did not do so. *See* TEX. R. CIV. P. 306a. Gonzalez's property being sold before the amendment to the proof of service was ordered does not change the fact that he was served with citation, consulted an attorney, and allowed a default judgment to be taken. In other words, the timing of the execution and sale did not diminish the notice that Gonzalez was afforded. *See Walker*, 828 S.W.2d at 282 (providing that "as a matter of law the trial court was authorized to allow the amendment of the officer's return to reflect the service actually had and to allow verification of the facts contained therein."). Thus, nothing in the record indicates that Gonzalez's substantial rights were materially prejudiced. *See* Tex. R. Civ. P. 118 (providing that a trial court may at any time allow proof

---

[2] Although Gonzalez contends that the default judgment in this case was void, he does not cite any authority or develop an argument as to how the judgment was void rather than voidable. *See* TEX. R. APP. P. 38.1(i).

of service to be amended "unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.").

Because the Texas Supreme Court's opinion in *Higginbotham* and the Austin Court of Appeals opinion in *Walker* apply, Gonzalez's second issue is overruled. Furthermore, because the trial court amended the proof of service, the default judgment was not rendered on invalid service, as Gonzalez argues in his first issue. Accordingly, Gonzalez's first issue is overruled.

## IV. Conclusion

The trial court's denial of Gonzalez's petition for bill of review is affirmed.

ROGELIO VALDEZ
Chief Justice

Opinion delivered and filed on
this the 23rd day of April, 2009.