**Opinion filed September 24, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00329-CV

_____

## GEOCHEMICAL OPERATING CORP., Appellant

## V.

## EARL HARRISON, Appellee

### On Appeal from the 259th District Court
### Jones County, Texas
### Trial Court Cause No. 022981

### M E M O R A N D U M   O P I N I O N

This is a restricted appeal from a no-answer default judgment entered against Geochemical Operating Corp. *See* TEX. R. APP. P. 30. Geochemical asserts in its sole issue on appeal that the trial court erred when it granted default judgment in favor of Earl Harrison. Geochemical specifically argues that the officer's return of service did not reflect proper service of process upon Geochemical and that the

amendment of the officer's return of service should not be considered. *See* TEX. R. CIV. P. 107, 118. We reverse and remand.

## I. *Procedural History*

Harrison filed suit on February 28, 2013, against Geochemical Operating Corp. and alleged that Geochemical had failed to drill a well under a farmout agreement. As a result, Harrison claimed that the leases had reverted back to him. The district clerk issued a citation for personal service on Geochemical Operating Corp. by service on its registered agent, Mr. Richard A. Quinn, at a specific address in Heath, Texas. The officer's return of service provided that the civil service constable, Tom Egan, delivered the petition and citation to "Mr. Quinn" at the specified address at 10:24 a.m. on March 7, 2013; the officer's return of service was filed on March 13, 2013.

Geochemical did not appear or answer, and it did not appear when the case was called on May 3, 2013. On that same day, the trial court entered a default judgment that awarded Harrison the rights to three oil and gas leases and $5,000 in attorney's fees. Geochemical did not file any post-trial motions or requests for findings of fact and conclusions of law. Geochemical filed a restricted appeal on November 1, 2013. On February 14, 2014, Geochemical filed its appellate brief in which it argued that there was a defect on the face of the record because the officer's return of service reflected service upon "Mr. Quinn," not "Mr. Richard A. Quinn." Harrison then moved, on March 14, 2014, for a trial court order permitting the officer to amend his return of service. *See* TEX. R. CIV. P. 118.

On March 14, 2014, the trial court granted Harrison's motion to amend the officer's return of service and correct the error from "Mr. Quinn" to "Mr. Richard A. Quinn." On appeal, Harrison argues that the trial court did not err when it granted the default judgment because the officer's amended return of service demonstrates

2

on its face that he perfected proper service upon Geochemical's registered agent, Mr. Richard A. Quinn.

II. *Discussion and Analysis*

Geochemical argues that this court should not consider the officer's amended return of service because Geochemical had filed a restricted appeal. As a result, the trial court could not order an amendment to the officer's return of service. Geochemical also argues that reversal is required because there is error on the face of the record.

*A. Rule 118 of the Texas Rules of Civil Procedure*

We first address whether the trial court could order the amendment of the officer's return of service under Rule 118 of the Texas Rules of Civil Procedure. Rule 118 provides the following:

> At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

TEX. R. CIV. P. 118. Although Rule 118 authorizes the trial court to order an amendment of the proof of service "[a]t any time," the rule has two limitations. First, the trial court can only order an amendment when it has jurisdiction. *Zaragoza v. De La Paz Morales*, 616 S.W.2d 295, 296 (Tex. Civ. App.—Eastland 1981, writ ref'd n.r.e.) (on reh'g). Second, the amendment may not materially prejudice a defendant's substantial rights. TEX. R. CIV. P. 118; *Walker v. Brodhead*, 828 S.W.2d 278, 281 (Tex. App.—Austin 1992, writ denied).

Harrison argues, under the precedent set in *Walker*, that the trial court may order a postjudgment amendment of the proof of service, even twenty-two months after the default judgment, because the amendment relates back to when the original return was filed. *Walker*, 828 S.W.2d at 281–82. "The law is clear that when a

3

return [proof of service] is amended under Rule 118, the amended return relates back and is regarded as filed when the original return was filed." *Id.* In addition, the amendment satisfies the requirement that a return of service be on file for at least ten days before entry of judgment. *Id.* We note that *Walker* involved an appeal from a bill of review where the trial court permitted the amendment while the bill of review was pending in the trial court; *Walker* did not involve a writ of error or restricted appeal or any action taken by the trial court while the case was pending on appeal. *See id.* at 279, 281.

And, as this court stated in *Zaragoza,* "[T]he trial court could have permitted an amendment of the proof of service [under Rule 118] while it had jurisdiction; however, the return cannot be amended after writ of error is perfected in the Court of Civil Appeals."[1] 616 S.W.2d at 296. Geochemical timely perfected a restricted appeal on November 1, 2013. *See* TEX. R. APP. P. 26.1(c), 30. When Geochemical perfected its restricted appeal, this court acquired exclusive jurisdiction over the case. *See id.*; *Robertson v. Ranger Ins. Co.*, 689 S.W.2d 209, 210 (Tex. 1985). We hold that the trial court did not have jurisdiction over the case on March 14, 2014, when it granted Harrison's motion to amend the proof of service.[2] Therefore, the order of the trial court and the amendment are null and void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *see also Zaragoza*, 616 S.W.2d at 296.

*B. Error on the Face of the Record*

Appellant, in order to prevail on a restricted appeal, must establish the following: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not

---

[1]The appeal by writ-of-error procedure was repealed in 1997. A procedure for an appeal filed within six months—called a restricted appeal—was substituted. *See* TEX. R. APP. P. 30 & cmt.

[2]The trial court in this case retained plenary power for only thirty days after its May 3, 2013 default judgment. *See* TEX. R. CIV. P. 329b(d).

4

participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for finding of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999)). We note that Harrison only challenged the fourth element, so we will address whether Harrison perfected service on Geochemical.

In order for a default judgment to withstand an attack by the absent party, there must be strict compliance with the rules for service of citation, as outlined in the Texas Rules of Civil Procedure; without strict compliance, error on the face of the record may exist. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255–56 (Tex. 2009); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Furthermore, there are no presumptions in favor of valid service in a restricted appeal from a default judgment. *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007).

Geochemical argues that the Texas Rules of Civil Procedure require both the first name and the surname of the defendant, or the registered agent served, to be stated on the officer's return or proof of service. "[T]he surname of a defendant is not sufficient when standing alone to allow a presumption that the person receiving the citation is the person fully named therein; and, the return in such case is not sufficient to support the judgment." *Exposition Apartments Co. v. Barba*, 630 S.W.2d 462, 465 (Tex. App.—Austin 1982, no writ) (citing *Brown v. Robertson*, 28 Tex. 555 (1866)). Prior to Harrison's amendment, the officer's return only stated the registered agent's surname, "Mr. Quinn," instead of both his first name and surname as required. Geochemical argues that this error is a defect on the face of the record. We agree. Geochemical has shown reversible error on the face of the record with respect to the officer's return of service and has satisfied all of the

required elements in this restricted appeal. We sustain Geochemical's sole issue on appeal.

## III. *This Court's Ruling*

We reverse the judgment of the trial court, and we remand the cause to the trial court for further proceedings.

MIKE WILLSON

JUSTICE

September 24, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.