

**In the
Court of Appeals
Second Appellate District of Texas
at Fort Worth**

———————————————

No. 02-17-00275-CV

———————————————

DAVID CHRISTOPHER MCCOY, Appellant

V.

LORNA SCOTT MCCOY, Appellee

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-607511-16

Before Meier, Gabriel, and Kerr, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

In this restricted appeal, appellant David Christopher McCoy challenges the trial court's no-answer default divorce decree. David raises three issues: (1) the default judgment is void and must be set aside because appellee Lorna Scott McCoy failed to serve him in strict compliance with the rules governing service of process; (2) the evidence is legally insufficient to support the trial court's child-support award; and (3) the trial court erred by ordering Scott to pay Lorna's attorney's fees. Because Lorna failed to serve David in strict compliance with civil-procedure rule 107, we will reverse and remand.

**I.**
**Background**

David and Lorna married in April 2007 and had a son that fall. Lorna filed for divorce in November 2016. The trial-court clerk issued citation on January 12, 2017. The citation's return of service states that a process server served David on January 14, 2017, but the return is neither verified nor signed under penalty of perjury. The citation was filed with the trial-court clerk on January 18, 2017, and after David failed to answer or otherwise appear, the trial court signed a default divorce decree on February 13, 2017.

On May 9, 2017, David filed a verified petition for bill of review. In that petition, David admitted that he had been served with the divorce petition but "was unaware that he had to file an answer to avoid a default order and was under the

assumption that he would be notified of a court date." He also complained that he did not receive notice of the divorce decree until more than 30 days after the trial court signed the decree because both the certificate of last known address that Lorna had filed and the decree listed his address incorrectly. The trial court denied David's bill of review on July 27, 2017. David did not appeal from that denial.

On August 10, 2017, David timely filed a notice of restricted appeal from the February 13, 2017 decree. *See* Tex. R. App. P. 26.1(c). About a month later, Lorna moved the trial court for leave to file an amended citation. The trial court granted the motion, and on September 22, 2017, Lorna filed an amended citation with a verified return of service.

## II.
## Discussion

To prevail in his restricted appeal, David must show that (1) he filed his notice of appeal within six months after the complained-of judgment or order was signed; (2) he was a party to the underlying suit but did not participate in the hearing that resulted in the complained-of judgment; (3) he did not timely file a postjudgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted by appellate-procedure rule 26.1(a); and (4) the complained-of error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Mandel v. Lewisville ISD*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied).

Here, David undisputedly satisfied the first two elements. We address the third and fourth elements in turn.

## A. David did not timely file a postjudgment motion.[1]

Lorna argues that David's bill of review was the equivalent of a timely filed new-trial motion because (1) he admitted that he was served and failed to answer or appear but complained that he did not timely receive notice of the decree, and (2) the petition was transferred to and heard by the trial judge that signed the decree. Thus, Lorna asserts, because David timely filed a postjudgment motion in the trial court, he cannot bring this restricted appeal. We disagree.

First, a bill of review is not a postjudgment motion. It seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. Tex. R. Civ. P. 329b(f); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010), *cert. denied*, 562 U.S. 1180 (2011); *Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 214 (Tex. App.—Fort Worth 2017, no pet.). Even though a bill of review directly attacks a judgment rendered in a particular case, it is an independent, separate cause of action filed under a different cause number. *In re J.J.*, 394 S.W.3d 76, 81 (Tex. App.—El Paso 2012, no pet.). But because it directly attacks a judgment rendered by a specific court,

---

[1]It is undisputed that David did not request findings of fact and conclusions of law or file a notice of appeal within the time permitted by appellate-procedure rule 26.1(a). *See* Tex. R. App. P. 30.

the bill of review must be brought in that court, and only that court has jurisdiction over the bill.[2] *Frost Nat'l Bank*, 315 S.W.3d at 504.

And second, even if we were to construe David's bill of review as a new-trial motion, it was untimely. David claimed in his bill of review that he did not receive actual notice of the decree until more than 30 days after it was signed, but he never moved the trial court to extend his postjudgment deadlines. *See* Tex. R. Civ. P. 306a(4), (5); *see also* Tex. R. App. P. 4.2. Thus, David's deadline to move for a new trial was March 15, 2017 (30 days after the trial judge signed the decree on February 13, 2017). *See* Tex. R. Civ. P. 329b(a). Accordingly, even if David's May 9, 2017 bill of review was the substantive equivalent of a new-trial motion, it was untimely and therefore does not bar David from bringing a restricted appeal. *See* Tex. R. App. P. 30 (providing that a party may bring a restricted appeal if he did not *timely* file a postjudgment motion); *cf. Mech v. GXA Network Sols.*, No. 05-16-00270-CV, 2017 WL 3634275, at *6 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) (concluding that electronically filed new-trial motion that trial-court clerk rejected because filing fee was not paid was not a timely filed postjudgment motion and therefore did not bar restricted appeal).

---

[2]That court may, however, transfer the bill of review to another court, and the transferee court has authority to determine the bill's merits. *See J.J.*, 394 S.W.3d at 82.

**B. Error is apparent from the face of the record.**

In a restricted appeal, the face of the record consists of all papers on file in the appeal, including any reporter's record, along with all papers on file with the trial court at the time the judgment was entered. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). Thus, we may not consider evidence in a restricted appeal that was not before the trial court when it rendered judgment. *Clamon v. DeLong*, 477 S.W.3d 823, 825 (Tex. App.—Fort Worth 2015, no pet.). In his first issue, David contends that the record shows error on its face and the default judgment must be set aside because the return of service was not verified as civil-procedure rule 107 requires. *See* Tex. R. Civ. P. 107(e).

The return of service is not a trivial document. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Absent proper service of process, a trial court does not have personal jurisdiction to render a default judgment against a non-answering defendant. *See Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) ("Personal jurisdiction, a vital component of a valid judgment, is dependent 'upon citation issued and served in a manner provided for by law.'" (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990))). In reviewing a default judgment on restricted appeal, we do not presume that citation was validly issued, served, or returned. *Primate Constr.*, 884 S.W.2d at 152. If the record does not show strict compliance with the civil-procedure rules relating to issuance, service, and return of citation, then attempted

6

service is invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *Mandel*, 445 S.W.3d at 474. "Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal." *Lejeune*, 297 S.W.3d at 256. "Failure to comply with these rules constitutes error on the face of the record." *Id.*; *see Furst*, 176 S.W.3d at 868 (stating that "[l]ack of proof of proper service constitutes error on the face of the record that defeats the trial court's jurisdiction").

Rule 107 requires that "[t]he officer or authorized person who serves or attempts to serve a citation must sign the return." Tex. R. Civ. P. 107(e). But "[i]f the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return must either be verified or be signed under penalty of perjury." *Id.* "'Verified,' in the context of rule . . . 107, 'requires some sort of acknowledgment before a notary public.'" *Gillmore v. Gbenjen*, No. 02-17-00015-CV, 2017 WL 4683832, at *2 (Tex. App.—Fort Worth Oct. 19, 2017, no pet.) (mem. op.) (quoting *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.)). Alternatively, a return signed under penalty of perjury must contain the statement set out in rule 107 in substantially the same form. Tex. R. Civ. P. 107(e). Failure to affirmatively show strict compliance with rule 107 renders attempted service invalid. *Uvalde Country Club*, 690 S.W.2d at 885.

The original return of service here is signed by Roger Allen, a process server, and shows that Allen served David with citation and the original petition at 3300 East

Broad Street, Mansfield, Tarrant County, Texas, at 1:40 p.m. on January 14, 2017. Nothing in the record indicates that Allen is a sheriff, constable, or court clerk.[3] *See Ameriquest Mortg. Co. v. Ashworth*, No. 01-08-00544-CV, 2010 WL 1491954, at *3 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, pet. denied) (mem. op.) (reasoning that a private process server is an "authorized person" under rule 107). So, to comply with rule 107, the return must have been either verified or signed under penalty of perjury, but neither was done. The return has spaces for a notary's signature and other relevant information, but they were left blank. The return also lacks the perjury statement as contemplated by rule 107(e).

Lorna counters that she cured any deficiencies in the original return of service by amending it. Unlike the original return, the amended return is notarized. Lorna argues that because the amended return relates back and is regarded as filed when she filed the original return, service was valid and there is no error on the face of the record. *See LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 868 (Tex. App.—Fort Worth 2013, no pet.) (recognizing that when a return is amended under rule 118, the amended return relates back and is regarded as filed when the original return was filed).

---

[3]Below the paragraph containing the information related to Allen's receipt of the citation and his service of the citation on David, there is a line beginning with the phrase "Authorized Person / Constable / Sheriff" before a blank in which Allen wrote his name. The words "Constable" and "Sheriff" are struck through.

The civil-procedure rules allow for liberal amendment of the return of service to show the true facts of service:

> At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Tex. R. Civ. P. 118. A trial court may enter a postjudgment order granting amendment of a citation return under rule 118 while the court retains plenary power. *See Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695, 696 (Tex. 1990) (holding recitation in order denying defendants' new-trial motions after default judgment and while trial court retained plenary power indicating service was proper was tantamount to order amending citation return under rule 118 reflecting proper service); *LEJ Dev. Corp.*, 407 S.W.3d at 868 (recognizing *Higginbotham*'s holding); *Dawson v. Briggs*, 107 S.W.3d 739, 744–48 (Tex. App.—Fort Worth 2003, no pet.) (relying on *Higginbotham* to hold that return was properly amended while trial court retained plenary power although defendant had already perfected appeal from default judgment).

Here, however, because David did not timely file any postjudgment motions, the trial court's plenary power over the divorce decree expired on March 15, 2017 (30 days after the trial judge signed the decree on February 13, 2017). *See* Tex. R. Civ. P. 329b(d), (e). But Lorna did not move to amend the citation until September 11, 2017, nearly six months later and well after the trial court's plenary power had

9

expired. *See Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 753 (Tex. App.—Fort Worth 2003, no pet.) (Livingston, J., concurring) (concluding that appellee's rule 118 motion was untimely because it was filed after the trial court's plenary power had expired).[4] Because the trial court no longer had plenary power over the decree, it could not grant Lorna leave to amend the service return. *See Higginbotham*, 796 S.W.2d at 696; *Dawson*, 107 S.W.3d at 744–48; *Vespa*, 98 S.W.3d at 753 (Livingston, J., concurring). And Lorna could not amend the citation without court approval. *See Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793–94 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Accordingly, the amendment is of no effect.[5]

---

[4]In *Vespa*, this court cited the supreme court's decision in *Primate* for the proposition that rule 118 allows for amending the service return at any time up until the trial court enters judgment and that once the trial court enters judgment, it cannot authorize an amendment to the return. *See Vespa*, 98 S.W.3d at 752–53 (citing *Primate*, 884 S.W.2d at 153). Relying on this proposition, the majority in *Vespa* held that the amended return in that case was untimely because the appellee moved to amend the return after the trial court had entered the default judgment. *Id.* at 753. The concurrence criticized the majority for relying on that portion of *Primate*, concluding that it was "mere dicta" because the "issue of whether someone had effectively and timely filed for an amendment to the return was simply not before the court." *Id.* at 753 (Livingston, J., concurring). Another panel of this court has echoed the *Vespa* concurrence's critique of *Primate* and has rejected *Primate*'s statements regarding return amendments as dicta and as conflicting with the supreme court's holding in *Higginbotham*. *See Dawson*, 107 S.W.3d at 746–47.

[5]Lorna points to two cases in support of her assertion that a trial court can permit a party to amend a return at any time. *See Gonzalez v. Tapia*, 287 S.W.3d 805, 806–07, 808–09 (Tex. App.—Corpus Christi 2009, pet. denied) (holding trial court properly allowed citation return to be amended to add verification a year after default judgment); *Walker v. Brodhead*, 828 S.W.2d 278, 281–82 (Tex. App.—Austin 1992, writ denied) (holding that rule 118 permitted trial court to allow citation return to be amended to add verification 22 months after default judgment). But both of these

10

Lorna also argues that because David judicially admitted in his bill of review that he was served with the divorce petition at his place of employment and that "[t]he invalidity of the judgment does not appear on the face of the record," he has waived any complaint that service was defective. But David's bill of review and restricted appeal are alternative pleadings, and factual assertions in alternative pleadings are not judicial admissions. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 n.2 (Tex. 2005) (orig. proceeding); *Havens v. Ayers*, 886 S.W.2d 506, 511 (Tex. App.—Houston [1st Dist.] 1994, no writ). David therefore has not waived any complaint regarding defective service.

Because the service return in this case did not strictly comply with rule 107, error is apparent on the face of the record, and service on David was invalid. *See Gillmore*, 2017 WL 4683832, at *2 (holding return that was not verified or signed under penalty of perjury was error on the face of the record (citing *Uvalde Country Club*, 690 S.W.2d at 885)); *see also Higginbotham*, 796 S.W.2d at 697 ("In [restricted appeals] there is no record of service other than the citation return, and its recitations, taken as true, must show strict compliance with service requirements."). The trial court therefore never acquired personal jurisdiction over David, and the default judgment is

cases involved appeals from bills of review where the trial court permitted the amendment while the bill of review was pending in the trial court. *See Gonzalez*, 287 S.W.3d at 806–07; *Walker*, 828 S.W.2d at 279, 281. Here, Lorna did not move to amend the citation return until September 11, 2017, well after the trial court denied David's bill of review on July 27, 2017. And David is not appealing the denial of his bill of review. Thus, *Gonzalez* and *Walker* are inapposite.

void. *See Wilson*, 800 S.W.2d at 836; *Mandel*, 445 S.W.3d at 474. Accordingly, we sustain David's first issue, and because it is dispositive, we do not reach his remaining issues. *See* Tex. R. App. P. 47.1.

## Conclusion

Having sustained David's first issue, we reverse the trial court's default divorce decree and remand this case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  November 15, 2018

12