

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00785-CV

**IN RE** David Wayne **SPINKS**

Original Mandamus Proceeding[1]

Opinion by:    Liza A. Rodriguez, Justice

Sitting:       Rebeca C. Martinez, Justice
              Irene Rios, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: January 8, 2020

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, David Wayne Spinks, contends the trial court signed an order granting Rebecca Sue Detimore a new trial outside the trial court's plenary jurisdiction. Therefore, Spinks asserts the new trial order is void. We conditionally grant the petition for writ of mandamus.

## BACKGROUND

Only the following dates on which certain events occurred in 2019 are relevant here; the facts of the underlying suit for divorce are not relevant:

- March 14: The trial court signed a default final decree of divorce.

- April 11: Detimore filed a motion to set aside the default judgment and for new trial.

---

[1] This proceeding arises out of Cause No. 1909C, styled *In the Matter of the Marriage of David Wayne Spinks v. Becky Sue Detimore*, pending in the County Court, Kerr County, Texas, the Honorable Susan Harris presiding.

- April 17: Spinks filed a motion to amend return of service because the original return of service was not verified in front of a notary public.

- June 20: The trial court conducted a hearing on Detimore's new trial motion and Spinks's motion to amend, at the end of which the trial court verbally granted both motions.

- June 20: The trial court signed a written order granting Spinks's motion to amend return of service.

- July 10: The trial court signed a written "Order Granting Motion for New Trial" (the "new trial order").

- July 11: Spinks filed a motion to vacate and set aside the new trial order asserting the order was signed outside the trial court's plenary jurisdiction.

- September 20: The trial court signed a written order denying Spinks's motion to vacate.

Spinks filed his petition for writ of mandamus asserting the trial court abused its discretion by granting Detimore a new trial on July 10, 2019 and by denying his motion to vacate the new trial order.

### STANDARD OF REVIEW

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *Id.* To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam).

"A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute

an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840. To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

"Mandamus is appropriate to set aside an order for new trial that is granted after the court's plenary power expires and that is, therefore, void." *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (per curiam). If "the trial court had no power to grant the new trial, any subsequent retrial would be a nullity." *Id.* "Under these circumstances, [relator] does not have an adequate remedy by appeal and is entitled to mandamus relief." *Id.*

### TRIAL COURT'S PLENARY POWER

Spinks does not dispute that Detimore's April 11 motion for new trial was timely filed. Detimore's motion triggered the seventy-five-day period for extending the trial court's plenary power and ruling on the motion under Texas Rule of Civil Procedure 329b(c).[2] Seventy-five days from the date of the March 14 default judgment was May 28. Detimore's motion for new trial would have been overruled by operation of law on May 28 unless the trial court signed a written order granting or denying the motion on or before that date. The trial court did not do so. Nevertheless, the trial court retained plenary power "to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after" Detimore's motion for new trial was "overruled, either by a written and signed order or by operation of law, whichever occurs first." *See* TEX. R. CIV. P. 329b(e). Thirty days after May 28 was June 27.

---

[2] "In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." TEX. R. CIV. P. 329b(c).

The trial court verbally granted Detimore's motion for new trial during the June 20 hearing. However, "Rule 329b(c) requires a written order to grant a new trial." *In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009) (orig. proceeding) (per curiam); *In re Mantgani*, 04-18-00559-CV, 2018 WL 5808236, at *3 (Tex. App.—San Antonio Nov. 7, 2018, orig. proceeding) (mem. op.) ("Within the seventy-five-day period, a court order granting or denying a motion to alter the judgment is effective only if it is in writing."). "A trial judge's oral pronouncement granting a motion for new trial or motion to modify, reform, or correct a judgment and a docket entry indicating that such motion was granted cannot substitute for a written order required by Rule 329b." *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding) (per curiam). Here, the trial court did not sign a written new trial order until July 10.

Detimore asserts the July 10 new trial order was signed within the trial court's plenary jurisdiction. She contends the statement in the default divorce decree that she was properly served was untrue at the time because the service of citation was defective;[3] therefore, the trial court did not have jurisdiction over her until the trial court granted Spinks's motion to amend the return of service on June 20. Detimore relies on Texas Rule of Civil Procedure 329b(h) and the Texas Supreme Court's opinions in *Arkoma Basin Exploration Co., Inc. v. FMF Associates 1990-A, Ltd.*, 249 S.W.3d 380 (Tex. 2008), and *Lane Bank Equipment Co. v. Smith Southern Equipment, Inc.*, 10 S.W.3d 308 (Tex. 2000), for her argument that the June 20 order "modified, corrected or reformed" the judgment, thereby extending the trial court's plenary jurisdiction and restarting the appellate timetable.

---

[3] The decree stated: "Respondent, Becky Sue Detimore, *although being properly served with citation*, failed to make an appearance in this cause and wholly made default." [Emphasis added.] The original return of service was not verified in front of a notary public.

Rule 329b(h) provides as follows:

> If a judgment is modified, corrected or reformed *in any respect*, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed, but if a correction is made pursuant to Rule 316 [correction of clerical mistakes] after expiration of the period of plenary power provided by this rule, no complaint shall be heard on appeal that could have been presented in an appeal from the original judgment.

TEX. R. CIV. P. 329b(h) (emphasis added).

Both *Arkoma Basin* and *Lane Bank* held that *any change* made to a judgment prior to the trial court losing jurisdiction will restart the appellate timetable. *Arkoma Basin*, 249 S.W.3d at 390-91; *Lane Bank*, 10 S.W.3d at 313; *see also Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988) (per curiam) (holding same). Such a change need not be material or substantial, and may be made only for the purpose of correcting a clerical mistake. *See Arkoma Basin*, 249 S.W.3d at 391; *Lane Bank*, 10 S.W.3d at 313. Detimore contends an alteration to the face of the judgment is not necessary; instead, it is the *effect* of the subsequent order on the judgment that matters. According to Detimore, the order granting leave to amend the return of service extended the post-judgment deadlines because it had the *effect* of correcting the default judgment.

Spinks counters that the recitals contained in the amended return of service were identical to those in the original return and the only difference was that the amended return of service was properly verified in front of a notary public. Spinks asserts a post-judgment amendment of citation to incorporate a verification does not modify, correct, or alter the default judgment and, therefore, does not extend the trial court's plenary jurisdiction. We agree.

"At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." TEX. R. CIV. P. 118. Rule 118 has two limitations. First, the trial court can only order an

amendment when it has jurisdiction. *Zaragoza v. De La Paz Morales*, 616 S.W.2d 295, 296 (Tex. Civ. App.—Eastland 1981, writ ref'd n.r.e.). Second, the amendment may not materially prejudice a defendant's substantial rights. *Walker v. Brodhead*, 828 S.W.2d 278, 281 (Tex. App.—Austin 1992, writ denied). Here, the trial court had jurisdiction when it allowed the return of service to be amended, and Detimore does not assert prejudice.

"[W]hen a return is amended under Rule 118, the amended return relates back and is regarded as filed when the original return was filed." *Walker*, 828 S.W.2d at 282 (rejecting appellants' argument that "even if the return can be amended [twenty-two months after default judgment became final] to satisfy the verification requirement of the order, the default judgment must be set aside because proof of service as required by the order was not on file with the clerk at least ten days before the default judgment was entered"). "It is the service, not the return, which gives the court jurisdiction over the defendant. . . . The return of citation is but the certificate of the officer as to where, when, and how it was executed." *Id.* (citation omitted).

We acknowledge "the record of service supporting a default judgment must show strict compliance with the rules governing service of process." *Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695, 697 (Tex. 1990). However, where "there is a record (such as the evidence at the hearing on motion for new trial) showing strict compliance with a valid method of service and an order expressly amending the return or that is tantamount to an order amending the return of citation," then the amendment relates back to the original return and service is rendered valid. *See id.* (only apparent defect was that officer's return did not adequately recite method of service; citing Rule 118 for proposition that trial court had express authority to allow amendment of the return to reflect the service that was actually had).

Because the amendment to the return of service related back to the original return, the amendment did not have the "effect" of correcting, modifying, or reforming the default judgement.

Therefore, the appellate timetables did not restart on June 20. As a result, the trial court lost plenary jurisdiction on June 27 and no longer had plenary power to grant a new trial after that date. "On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law . . . ." TEX. R. CIV. P. 329b(f).

## CONCLUSION

We conclude the trial court erred by signing the written new trial order outside its plenary jurisdiction. Accordingly, we conditionally grant Spinks's petition for writ of mandamus and direct the trial court to: (1) vacate its September 20, 2019 "Order Denying Motion to Vacate and Set Aside Order Granting New Trial" and (2) set aside its July 10, 2019 "Order Granting Motion for New Trial." The writ will issue only in the event we are notified the trial court fails to comply within fifteen days from the date of this opinion.

Liza A. Rodriguez, Justice