In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00333-CV**
_____

**CHANCE M. PERRY, Appellant**

**V.**

**COURTNEY L. PERRY, Appellee**

_____

**On Appeal from the County Court at Law No. 2**
**Orange County, Texas**
**Trial Cause No. 200480AD**
_____

**MEMORANDUM OPINION**

In this appeal, Chance M. Perry, ("Appellant," "Petitioner," or "Chance"), seeks appellate review of the trial court's ruling granting his ex-wife, Courtney L. Perry, ("Appellee" or "Courtney"), a Summary Judgment denying his Petition for Bill of Review. On appeal, Chance argues the trial court erred by granting Courtney's Motion for Summary Judgment ("MSJ") because he filed an amended Bill of Review that rendered the MSJ on the previously filed Petition for Bill of

1

Review moot. Chance argues the trial court erred in granting the MSJ when that motion did not address the new claims that he alleged in his amended petition for Bill of Review. For the reasons explained below, we affirm the trial court's judgment.

Background Information

This is the fourth time the parties have been before this Court with respect to proceedings relating to their divorce. Chance and Courtney were divorced by a Final Decree of Divorce in May of 2023. In Chance's first matter in this Court, which he filed on July 10, 2023, appellate cause number 09-23-00227-CV, Chance filed an appeal of the Final Decree of Divorce, which was rendered by the County Court at Law No. 2 of Orange County, Texas, in Cause No. E200480-D, styled "In the Matter of the Marriage of Courtney L. Perry and Chance M. Perry and In the Interest of K.L.P., S.K.P., and L.L.P., Children." According to the clerk's record in that appeal, the Final Decree of Divorce was entered after the parties participated in a binding arbitration. This Court dismissed that appeal because Chance filed a Notice of Non-Suit on his appeal. *Perry v. Perry*, No. 09-23-00227-CV, 2024 Tex. App. LEXIS 2533 (Tex. App.—Beaumont, April 11, 2024, no pet.) (mem. op.).

Next, Chance filed a Petition for Writ of Mandamus in 2023, appellate cause number 09-23-00279-CV, seeking mandamus relief to compel the trial court to set aside its order expunging a notice of lis pendens, to prohibit the trial court from

2

ordering a future sale of property awarded to Real Party in Interest Courtney Perry in the divorce decree, to enjoin Courtney and her attorneys and agents from any activity that would result in the sale of property awarded to her in the divorce decree, and to compel any title company that receives sale proceeds to deposit the sale proceeds into the registry of the trial court. We denied the petition for mandamus relief. *In re Perry*, No. 09-23-00279-CV, 2023 Tex. App. LEXIS 7475 (Tex. App.— Beaumont, Sept. 28, 2023, no pet.) (mem. op.).

Chance also filed an appeal, appellate cause number 09-24-00342-CV, pertaining to the trial court's Order Clarifying Final Decree of Divorce, Order on Motion for Appointment of Receiver, and Order for Turnover Relief in favor of Chance's ex-wife, Courtney L. Perry. In that appeal, we affirmed the trial court's orders. *Perry v. Perry*, No. 09-24-00342-CV, 2025 Tex. App. LEXIS 9516 (Tex. App.— Beaumont, Dec. 11, 2025, no pet.) (mem. op.).

<u>Petition for Bill of Review</u>

On May 8, 2024, over a year after the Final Decree of Divorce was rendered, and after Chance had dismissed his appeal of the Final Decree of Divorce, Chance filed an Original Petition for Bill of Review in trial court Cause No. 200480AD, in the County Court at Law No. 2, Orange County, Texas, seeking to "set aside" the Final Decree of Divorce in trial cause No. E200480-D, styled "In the Matter of the Marriage of Chance M. Perry and Courtney L. Perry and In the Interest of K.L.P.,

3

S.K P., and L.L.P., Children." Chance alleged in his Petition for Bill of Review that he was prevented from asserting rights to a greater share of the parties' marital estate, he was denied his right to a jury trial, and he was wrongfully compelled to participate in arbitration where the arbitration was unfair to Petitioner. He alleged he did not discover the issues "at bar until more than thirty days after rendition of the judgment[]" and the invalidity of the judgment did not appear on the face of the record.

Courtney filed an Original Answer to the Petition for Bill of Review and asserted a general denial, as well as affirmative defenses of waiver and res judicata, and sought attorney's fees, costs, expenses, and interest. Courtney alleged that "[t]he parties and their trial attorneys [a]greed to attend arbitration in two separate documents as is seen in the attached Exhibits 'A' and 'B.'" Exhibit A attached to the answer, is an executed copy of a Binding Arbitration Agreement signed by Chance and Courtney, as well as their attorneys of record in the divorce proceeding. Exhibit B attached to the answer is a copy of the trial court's Order of Referral to Binding Arbitration, signed by the trial court and by the attorneys for the parties. Courtney alleges in her answer that Chance and his attorney, Judson Daws, subsequently participated in arbitration without objection and that Chance therefore waived his objection to participating in the arbitration. Courtney also contends that although Petitioner alleges that he did not discover the issues at bar until more than thirty days

4

after rendition of the judgment, the record establishes that Petitioner filed an appeal under Cause Number 09-23-00227-CV within thirty days after rendition of the judgment asserting the same claims contained in Petitioner's Original Petition for Bill of Review, and that appeal was dismissed on April 11, 2024, so "the claims contained in the Petition for Bill of Review have already been adjudicated and further adjudication is barred by statute."

<u>Motion for Summary Judgment, Response, and Ruling</u>

On March 11, 2025, Courtney filed a Motion for Summary Judgment asking that the trial court grant a summary judgment in favor of Courtney on the Bill of Review because the claims asserted in the Bill of Review are frivolous and barred by the affirmative defenses of waiver and statutory bar and the doctrine of res judicata, and there is no genuine issue of material fact. Courtney alleged Chance agreed to participate in and be bound by the arbitration in the divorce proceeding "as evidenced by his signature to the Binding Arbitration Agreement." Courtney argued that Chance waived his objection to participating in arbitration and to a jury trial. Additionally, Courtney argued Chance had an adequate remedy by a normal appeal, which he pursued, and then later that appeal was dismissed. Courtney also argued that Chance is barred "by statute, res judicata, from bringing a claim which was already adjudicated." Therefore, Courtney argued that as a matter of law, a summary judgment should be granted in favor of Courtney because there is no genuine issue

5

of material fact as to any element of Petitioner's claim as asserted in the Bill of Review, and the claims are barred by her affirmative defenses. Several exhibits were attached to the MSJ including the Order of Referral to Binding Arbitration, the Binding Arbitration Agreement, and this Court's Memorandum Opinion, appellate cause number 09-23-00227-CV, dismissing Chance's appeal of the Final Decree of Divorce. The MSJ was set for a hearing on April 21, 2025.

On April 14, 2025, Chance filed what is styled as "Chance M. Perry's 1st Amended Petition for Bill of Review." In the amended pleading, Chance still seeks to set aside the divorce decree as he did in his original Petition for Bill of Review. As he alleged in his original Petition for Bill of Review, he claims he was denied a right to a trial by jury and forced to participate in an involuntary arbitration that he contends "ultimately resulted in an unjust and illegal judgment as found in the Final Decree of Divorce . . . on May 2, 2023."

On April 14, 2025, Chance also filed a Response to Respondent's Motion for Traditional Motion for Summary Judgment as to the Bill of Review. In it, Chance argues the declaration he attached and the transcripts from hearings in the divorce proceeding show "genuine issues of material fact exist and that Non-Movant has a viable bill of review[,]" and he argues that the MSJ became "moot" because he filed an amended petition for bill of review alleging "new facts and grounds for the

granting of a bill of review," which he claims were not addressed in the summary judgment motion.

The trial court held a hearing on the MSJ. On June 12, 2025, the trial court signed an Order Granting Motion for Summary Judgment as to the Bill of Review. Chance filed a notice of appeal.

Applicable Law

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). We take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for a traditional summary judgment meets its burden by proving that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

"A motion must stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). "Likewise, issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence." *Id.* Since this was a summary judgment proceeding in the trial court, respondent had to negate as a matter of law one of the

necessary elements of a bill of review cause of action. *McRoberts v. Ryals*, 863 S.W.2d 450, 453 (Tex. 1993).

A petitioner in a bill of review proceeding must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (citations omitted).

A bill of review is an equitable proceeding filed by a party seeking to set aside a judgment that can no longer be challenged by a motion for new trial or appeal. *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) (per curiam); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Under certain circumstances, a bill of review petitioner may be excused from proving one or more of these requirements. For example, when a judgment is rendered without proper notice, the meritorious claim or defense requirement is excused. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988). The bill of review petitioner, however, still must show his failure to file a motion for new trial or appeal was not due to any fault or negligence on his part. *See Petro-Chemical Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974).

Courts do not readily grant bills of review "[b]ecause it is fundamentally important in the administration of justice that some finality be accorded to

8

judgments." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015) (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)). We review the denial of a bill of review under an abuse of discretion standard. *Gonzalez v. Tapia*, 287 S.W.3d 805, 807 (Tex. App.—Corpus Christi-Edinburg 2009, pet. denied). When reviewing the denial of a bill of review, "we indulge every presumption in favor of the trial court's ruling[,] and [we] will not disturb that ruling unless the trial court abused its discretion." *Garza v. Att'y Gen.*, 166 S.W.3d 799, 808 (Tex. App.—Corpus Christi-Edinburg 2005, no pet.). An abuse of discretion occurs when a trial court acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id.* We review the trial court's decision de novo when the inquiry on the bill of review concerns questions of law. *Id.*

## Analysis

Here, Chance made no argument in the trial court, nor does he argue on appeal that there was a lack of notice, and Chance provided nothing in response to the MSJ to show that his failure to pursue his appeal was not otherwise due to his own voluntary dismissal of the appeal. The record shows that Chance filed a timely appeal from the Final Decree of Divorce, and he could have raised any of his alleged complaints in that appeal, but instead he chose to file a nonsuit of his appeal, and the appeal was then dismissed pursuant to his request. There is no allegation in the original Petition for Bill of Review, in the Amended Petition for Bill of Review, or

9

the Response to the Motion for Summary Judgment that the other party engaged in fraud or that Chance was prevented from making his defense or complaints about the arbitration or the Final Decree because of any wrongful act of the opposing party or because of an alleged official mistake. Additionally, Chance failed to explain how or why the divorce unfairly distributed the marital estate.

The record shows Chance and his attorney, as well as Courtney and her attorney, each signed a Binding Arbitration Agreement. In the clerk's record filed in this Court for the appeal of the Final Decree of Divorce, it shows that Chance filed a notice of appeal from the Final Decree of Divorce. In that trial court proceeding, Chance's attorney argued in his response to Courtney's Motion for New Trial in the Divorce that a new trial should be denied because the case had been resolved via "binding arbitration" and neither party filed a request to vacate the award within the time limit required by law, and the Arbitration Award was converted to a Final Decree.

Chance was represented by legal counsel when the case was referred to arbitration, throughout the arbitration process, and when the trial court rendered the Final Decree of Divorce, which was almost nine months after referral to arbitration. There was time and an opportunity for Chance and his legal counsel to raise or file an objection to the Referral to Arbitration in the trial court, or to seek to set aside the

Arbitration Award. Chance could have pursued his complaints in his appeal from the Divorce but chose not to do so, and that appeal was dismissed.

In his Brief on Appeal, Chance does not specify or explain how he created a genuine issue of material fact as to each of the specific elements of his Bill of Review claim. Rather, he contends that his "case is procedurally identical" to the case this Court ruled on in *Costanzo v. Texas Advantage Community Bank N.A.*, No. 09-21-00345-CV, 2022 Tex. App. LEXIS 7249 (Tex. App.—Beaumont Sept. 29, 2022, no pet). (mem. op.). We find *Costanzo* is distinguishable from the facts in this case.

In *Costanzo*, Costanzo's Third Amended Petition was the live petition at the time the defendant bank filed its motion for summary judgment, and therein Constanzo stated claims against the defendant for negligence, gross negligence, and fraud by nondisclosure. The defendant filed its motion for summary judgment, arguing that Costanzo had no standing to sue in her individual capacity and that she could only sue as executor of her stepmother's estate. The defendant also argued that it had no duty to report suspected elder abuse, the defendant was entitled to and obligated to rely on a valid power of attorney when money was withdrawn from the decedent's account, and the UCC preempts Costanzo's common-law claims. At a hearing in December 2019, Costanzo asked the trial court for leave to amend her pleadings, which the trial court granted. On January 10, 2020, Costanzo then filed her Fourth Amended Petition. The Fourth Amended Petition was the live petition at

11

the hearing on the summary judgment and at the time the trial court granted the motion for summary judgment. In the Fourth Amended Petition, Costanzo stated claims for breach of fiduciary duty, fraud by nondisclosure, promissory estoppel, quantum meruit, unjust enrichment, breach of contract, and conversion of instrument under section 3.420 of the Texas Business & Commerce Code. *Id.* at **3-5. This Court concluded that because in her Fourth Amended Petition, Costanzo asserted new claims for conversion of an instrument under the UCC, breach of contract, promissory estoppel, and quantum meruit and unjust enrichment, those claims were not addressed in the motion for summary judgment, and we sustained Appellant's second and third issues and remanded the case to the trial court. *Id.* at **16-17.

Here, unlike the facts in *Costanzo*, Chance did not file a pleading with any new causes of action or new claims. The original Petition for Bill of Review and the Amended Petition for Bill of Review seek to set aside the Final Decree of Divorce because he claims the arbitration award that preceded the entry of the Final Decree of Divorce was involuntary and unfair. Chance still had to plead and prove the same elements for his Bill of Review claim under both pleadings. Courtney's defense to the Bill of Review proceeding was that Chance was not entitled to a Bill of Review because the claim asserted in the Bill of Review is frivolous and barred by the affirmative defenses of waiver and statutory bar and the doctrine of res judicata, and there is no genuine issue of material fact. Courtney conclusively established that

12

Chance waived his complaints about no jury trial, the participation in the arbitration, and he agreed to be bound by the arbitration in the divorce proceeding "as evidenced by his signature to the Binding Arbitration Agreement." Additionally, Chance had an adequate remedy by a normal appeal, which he pursued, and then later that appeal was dismissed as requested by Chance. We conclude that Courtney conclusively established that Chance's failure to challenge the divorce decree and arbitration, or to continue with his appeal of the Divorce Decree was due to his own choice, and Courtney conclusively established her affirmative defense of waiver and that Chance was not entitled to a bill of review. *See McIntyre v. Wilson*, 50 S.W.3d 674, 679 (Tex. App.—Dallas 2001, pet. denied) (subsequent bill of review denied when party had previously made a timely but unsuccessful appeal); *In re A.G.*, No. 07-19-00161-CV, 2020 Tex. App. LEXIS 4270, at ** 6-7, (Tex. App.—Amarillo June 8, 2020, pet. denied) (mem. op.) (bill of review was not available when party did not avail herself to an appeal or other remedy); *Shaw v. Shaw*, No. 09-17-00112-CV, 2018 Tex. App. LEXIS 926, at **8-9 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.) (bill of review not available when party did not provide proof of meritorious defense unmixed with her negligence); *McCurdy v. Oeftering*, No. 05-14-01353-CV, 2016 Tex. App. LEXIS 1784, at *3 (Tex. App.—Dallas Feb. 19, 2016, no pet.) (mem. op.) (bill of review not available when party did not utilize all available remedies including appealing denial of a motion to reinstate or filing a motion for

13

new trial); and *Bergenholtz v. Eskenazi*, No. 05-14-00609-CV, 2015 Tex. App. LEXIS 7680, at **8-9 (Tex. App.—Dallas July 23, 2015, pet. denied) (mem. op.) (denial of subsequently filed bill of review upheld after party had previously dismissed an appeal in the underlying divorce).

We affirm the trial court's grant of the summary judgment and denial of the Petition for Review, and we overrule all of Appellant's issues.

AFFIRMED.


LEANNE JOHNSON
Justice


Submitted on June 3, 2026
Opinion Delivered June 18, 2026

Before Golemon, C.J., Johnson and Wright, JJ.